Laurie W. TOMLINSON, Director of Internal Revenue for the State of Florida, Appellant,

v.

Sidney POLLER and James G. Pace, Appellees.

No. 14967.

United States Court of Appeals, Fifth Circuit.

March 25, 1955.

Louise Foster, Sp. Asst. to Atty. Gen., James L. Guilmartin, U. S. Atty., Miami, Fla., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Frederic G. Rita, Sp. Assts. to Atty. Gen., E. David Rosen, Asst. U. S. Atty., Miami, Fla., for appellant.

A. F. Barone, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

The question here presented is whether the District Court for the Southern District of Florida erred in entering an order requiring the Director of Internal Revenue for the State of Florida to accept a bond in lieu of a recorded lien against appellees, which bond was conditioned entirely differently from the bond prescribed by statute and normally used by the Commissioner of Internal Revenue, in his discretion, and directing that the tax lien be cancelled from the records of Dade County, Florida, pending the prosecution of a suit by appellees to enjoin the collection of a social security tax which they had returned; and there is the further threshold question whether such an order is a "final decision" of the District Court under 28 U.S.C.A. § 1291, or is such "an interlocutory order" under § 1292, as gives this court jurisdiction on appeal.[1]

This action was brought by the appellees to enjoin the collection of Federal Insurance Contributions Act, 26 U.S.C.A. § 1400 et seq., taxes assessed against them in the amount of $2,358.22.

The allegations of the complaint filed on October 16, 1953, may be summarized as follows:

During the year 1949, and until April 11, 1952, the appellees and one L. H. Quigley acted as members of a committee for the benefit of the creditors of General Engineering Company, now bankrupt and dissolved, and as such carried on the activities and functions of that corporation.

Pursuant to the requirements of the Internal Revenue Code the appellees filed various employer's quarterly federal tax returns for the last quarter of 1949 and the first quarter of 1950, reporting, FICA taxes in the total amount of $2,358.22.

---

1. 28 U.S.C.A. § 1291:

"The courts of appeal shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. As amended Oct. 31, 1951, c. 655, § 48, 65 Stat. 726."

28 U.S.C.A. § 1292:

"§ 1292. Interlocutory decisions

"The courts of appeals shall have jurisdiction of appeals from:

"(1) Interlocutory orders of the district courts of the United States, the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modifying injunctions, except where a direct review may be had in the Supreme Court; * * *."

During the operation of General Engineering Company the appellees were at no time actual officers or directors of that corporation but were merely acting as agents and representatives of the creditors of the corporation for the mutual benefit of all parties concerned.

On October 2, 1953, the Director wrongfully filed against the appellees a tax lien for the taxes reported by them in the amount of $2,358.22 and has demanded payment of that amount with interest and penalties. The appellees had no notice of the making of the assessment until October 2, 1953, when notice of lien was filed by the Director in the Circuit Court of the Eleventh Judicial Circuit for Dade County, Florida.

The assessment is clearly erroneous as the statute of limitations had run prior to its making and was capricious and without foundation in fact or law.

The appellees are attorneys at law, members of the Florida Bar and Federal Bar and enjoy a good reputation which has been damaged and besmirched by the actions of the defendant. The appellees are active in purchasing and selling real estate in Dade County, Florida, and as a result of the filing of the notice of lien, title to property not specified has become clouded and unmarketable.

Upon these allegations the appellees prayed that the court grant a temporary injunction and after trial a permanent injunction.

The appellees moved for a preliminary injunction which the court denied by order entered October 30, 1953. This order provided that the case would not be dismissed but that the Director would be required to answer.

On November 25, 1953, the appellee Pace filed a petition to file a bond for the purpose of releasing the federal tax lien referred to in the complaint, alleging that he had tendered to the Director a bond pursuant to Section 3673 of the Internal Revenue Code, 26 U.S.C.A. § 3673, which the Director refused to accept; that the Director requested the appellee Pace to file a bond on Treasury Form 1131, which the appellee Pace refused to do because the effect of filing a bond upon the form requested would be to admit liability for the contested assessment and would work as a waiver of any rights which the appellee Pace might have under his original complaint. This petition prayed that the court enter an order requiring the Director to accept the bond as tendered by the appellee, a copy of which was attached to this petition.

On December 8, 1953, after hearing upon this petition, the District Court entered an order that the bond tendered by the appellee Pace be approved and that the notice of lien filed in the office of the Clerk of the Circuit Court of Dade County, Florida, be cancelled and be of no further force and effect.

No defensive pleadings were filed by defendant, and no intervention was sought by the United States at the time of the order complained of, but on December 23rd a stipulation was entered giving the defendant sixty days additional time to plead.

This appeal was taken by the Director of Internal Revenue on January 7, 1954.

While no motion to dismiss the appeal has been filed, appellees' brief is directed solely to the question whether the order complained of is appealable under the appropriate federal statutes giving to this court the limited jurisdiction which it enjoys. We, of course, must always consider the question of our jurisdiction even though it is not raised by special motion to dismiss.[2]

The substance of appellees' contention is that, no matter how erroneous may have been the order of the trial court striking the lien from the records of Dade County and requiring the Director to accept what really amounted only to a supersedeas bond rather than a payment bond as is alone authorized by the Statute, the order was not a final judg-

2. Falsone v. United States, 5 Cir., 205 F.2d 734, 737, certiorari denied 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375.

ment and thus it is not appealable. We are not aided overmuch by the briefs of the parties in connection with this particular question, but we do find two Supreme Court decisions that we think require us to reject this contention.[3] These cases construe the term "final decision" as meaning something different than "final judgments which terminate an action". They construe it in a manner that includes decisions that fall in "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Loan Indus. Corp., supra, 337 U.S. at page 546, 69 S.Ct. at page 1225.

The foregoing language is adopted by the Supreme Court in the subsequent case of Swift & Co. Packers v. Compania Colombiana Del Caribe, supra. There the trial court had dismissed an attachment in aid of a libel against a ship alleged to belong to respondent, the main action being continued for trial on the issue of liability, and other important issues, including a claim of a fraudulent transfer of the libeled ship. The Supreme Court, holding that an appeal from the order dismissing the attachment would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible, has given us clear direction as to how to treat the trial court's release of the lien of the United States here and the substitution of an inadequate bond. The evil complained of by the Government, and rightly, we think, assuming the order to have been erroneous, is that the Government is illegally delayed in the collection of its taxes until after the taxpayer litigates the question as to

their correctness. The action of the trial court, by its order appealed from, definitely, finally and completely achieves that illegal result if, *ex hypothesi,* its decision was erroneous. The decision was as to a matter entirely disconnected with the principal contention of the taxpayers in the pending suit. There they contended that the alleged assessment was invalid and they sought the court's determination of that question and sought an injunction against the collection of the tax pending that determination. That matter still stands for trial in the court below.

To obtain ancillary relief appellant filed a motion as described above, requesting the court's order complained of. This order constitutes a final decision on that ancillary matter to the effect that the United States must have its lien removed from the county records. No further action is contemplated by the parties as to this matter upon a final trial. It is complete; it is final. We hold that an appeal from such an order is within the jurisdiction of the court under the direct authority of the cited cases. In so doing we expressly state that nothing in this opinion or decision is intended to enlarge the definition of finality beyond that there announced by the Supreme Court.

As to the error complained of, the decision is, we think, so plainly and palpably wrong as to require little discussion. In the first place, as was conceded by counsel for appellees in oral argument before us, the complaint does not now set out a cause of action for enjoining the collection of the taxes involved. It is clearly and directly in violation of the express terms of the federal statute that denies to the courts the power to restrain the collection of a federal tax.[4] The exceptions in the statute quoted in the footnote relate to cases

---

3. Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 70 S. Ct. 861, 94 L.Ed. 1206; Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528.

4. 26 U.S.C.A. § 3653: "Prohibition of suits to restrain assessment or collection

"(a) Tax. Except as provided in sections 272(a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

in which the Commissioner or Director of Internal Revenue proceeds to assess or collect a tax when the liability for its payment is being contested by appropriate proceedings in the Tax Court of the United States. They are clearly not applicable to the situation here present.

It is entirely contrary to our scheme of federal taxation for a taxpayer to be permitted to hold up the payment of his taxes by enjoining their collection while he contests his liability for such payment, except in the particular manner described in the statute.[5]

To be sure, the trial court did not enjoin the collection of the tax, but it required the Director to release the lien of the United States upon the tender of a bond by the taxpayers which simply stood for the payment of the tax if, after promptly pursuing the litigation, it was judicially determined that the tax was due. In all logic, such a decision of the District Court made it a practical impossibility for the Director to proceed by levy and distraint against the property of the taxpayers, since the Director would be acting at his peril in view of the announced attitude of the court as embodied in his order. It is difficult to see how the District Court could logically fail to sustain a suit against the Director or his deputy for an illegal levy and sale, if made while the bond was still in effect, in the light of the court's holding that the taxpayers have the right to have their liability for the tax judicially determined before the lien would be recognized.

■■ Furthermore, the court erred equally plainly in ordering the Director to accept a bond at all in the light of the express provisions of the statute making this a discretionary matter with the Director of Internal Revenue for the State of Florida. Since the tax lien that had been placed of record in Dade County was specifically authorized by the federal statute, it could be released only in accordance with the provisions of the statute.[6]

[7] Not only can the lien of the United States for taxes be lifted only as provided by the statute,[7] but also the form of the bond is also prescribed and the court erred additionally in directing that a bond be accepted by the Director which completely failed to conform to the statutory requirement that the bond be "conditioned upon the payment of the amount assessed". The bond authorized by the court's order was conditioned "if the said principal shall successfully contest said assessment in the United States District Court or in the Tax Court of the United States, or shall pay said obligation * * *." It is too apparent for argument that this bond utterly failed to meet the essential requirements of the statute.

The errors complained of having occurred in the entering of a final decision by the trial court, the said decision is

5. For a discussion of the principles involved see In re State Railroad Tax Cases, 92 U.S. 575, 613–614, 23 L.Ed. 663; for decisions of this court see Steinhagen Rice Milling Co. v. Scofield, 5 Cir., 87 F.2d 804 and Beeland Wholesale Co. v. Davis, 5 Cir., 88 F.2d 447, certiorari denied 300 U.S. 680, 57 S.Ct. 672, 81 L.Ed. 884.

6. 26 U.S.C.A. § 3673: "Release of lien
"Subject to such regulations as the Commissioner, with the approval of the Secretary, may prescribe, the collector charged with an assessment in respect of any tax, may issue a certificate of release of the lien if—
* * * * *

"(b) Bond accepted. There is furnished to the collector and accepted by him a bond that is conditioned upon the payment of the amount assessed, together with all interest in respect thereof, within the time prescribed by law (including any extension of such time), and that is in accordance with such requirements relating to terms, conditions, and form of the bond and sureties thereon, as may be specified in the regulations.
"(26 U.S.C. 1946 ed., Sec. 3673.)"

7. Metropolitan Life Ins. Co. v. United States, 6 Cir., 107 F.2d 311, certiorari denied 310 U.S. 630, 60 S.Ct. 978, 84 L.Ed. 1400.

hereby reversed with directions that the lien heretofore recorded in the records of Dade County, Florida be reinstated, and for further action by the trial court consistent with this opinion.

Reversed and remanded.