**A. N. BRUNWASSER, Plaintiff,**

v.

**Herbert JACOB, Acting Chief, Office Collection Branch, Internal Revenue Service, John W. Mamula and Ned Spells, Revenue Collection Officers, Marlene A. Gaysek, Internal Revenue Service Public Relations Officer and Cornelius J. Coleman, District Director of Internal Revenue, Defendants.**

**A. N. BRUNWASSER in his own right and as a Representative of other persons similarly situated as permitted by Federal Rule of Civil Procedure 23, Plaintiff,**

v.

**Herbert JACOB, Acting Chief, Office Collection Branch, Internal Revenue Service, John W. Mamula, Revenue Collection Officer, John Pido, Branch Manager, Collection Division, Internal Revenue Service and Cornelius J. Coleman, District Director of Internal Revenue, Defendants.**

Civ. A. Nos. 74–849 and 76–203.

United States District Court,
W. D. Pennsylvania.

June 29, 1978.

As Amended Aug. 10, 1978.

Allen N. Brunwasser, pro se.

Blair Griffith, U. S. Atty., Pittsburgh, Pa., Robert L. Gordon, Donald J. Gavin, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

## OPINION

COHILL, District Judge.

Seeking injunctive relief and damages, plaintiff, A. N. Brunwasser, has brought two related actions against the District Director of the Internal Revenue Service (the "IRS") and certain employees of the IRS in connection with the IRS's assessment and levies to collect certain taxes, additions to taxes, additional amounts and penalties.

### I.

### *The 1974 Suit*

In C.A. 74–849 (the "1974 suit"), Brunwasser requests an order enjoining a levy executed on August 30, 1974 against all accounts and other property controlled by the plaintiff at Mellon Bank, N.A., Pittsburgh, Pennsylvania. Brunwasser requests that a three-judge court decide the constitutionality of the summary administrative procedure for the collection of taxes under 26 U.S.C. ("Code") § 6331, and the addition to tax authorized by Code § 6653(a) for failure to pay due to negligent or intentional disregard of rules and regulations. He contends further that the IRS failed to follow the mandatory provisions for notice of tax deficiency, Code § 6212(a), and for demand and notice of tax liability before levy, Code § 6331(a). In addition, he argues that the District Director abused his discretion in failing to take a releasing bond pursuant to Code § 6325(a)(2). Also, Brunwasser seeks damages under Code § 7214. Finally, Brunwasser asks the IRS to provide him with relevant information pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

The IRS opposed the requested three-judge court and moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, the IRS by affidavit providing an accounting of Brunwasser's tax accounts involved in the litigation. Pursuant to court order, Brunwasser replied that the accounting was incorrect and insufficient to explain his accounts.

### *The 1976 Suit*

C.A. 76–203 (the "1976 suit") contains six causes of action regarding two levies served on Mellon Bank, N.A., on January 26, 1976 (Complaint, Exhibits 2 and 5) to collect unpaid penalties, interest and costs arising from Brunwasser's 1974 income tax liability and 1974 third quarter employment tax liability. The first cause of action seeks injunctive and mandamus relief to prevent the IRS from taking further action on the two levies. The second cause of action requests an injunction terminating an audit of Brunwasser's 1972 and 1973 taxable years. The third cause of action challenges

the constitutionality of the negligence penalty of Code § 6653(a) and requests that a three-judge court be convened to hear a due process attack on the distraint provisions of Code § 6331(a). The fourth cause of action seeks an order in the nature of mandamus directing the District Director of the IRS to commence disciplinary proceedings against the other three defendants. Citing 42 U.S.C. § 1985(3), the fifth cause of action, framed as a class action for injunctive relief and damages, alleges the existence of a conspiracy to discriminate against "small taxpayers and small businessmen and against taxpayers who resist summary and arbitrary procedures." (Complaint at 15). In addition, Brunwasser requests various documents under the Freedom of Information Act, 5 U.S.C. § 552. The sixth cause of action, also framed as a class action, seeks damages for allegedly improper conduct of the defendants.

The IRS moved to dismiss the 1976 suit for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, and it opposed the convening of a three-judge court. The IRS also filed an affidavit disclosing Brunwasser's alleged unpaid tax liability.

## II.

Brunwasser's requests to enjoin the IRS from utilizing the levies in the 1974 suit and the 1976 suit are governed by the so-called Anti-Injunction Act, Code § 7421(a), which, at the same time these suits were filed, provided in relevant part:

> "Except as provided in sections . . . 6213(a) . . ., no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

The Anti-Injunction Act protects "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference" and requires that the right to the disputed sums be determined in a suit for refund in the District Courts or Court of Claims, or in a pre-assessment suit in the Tax Court. *Bob Jones University v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974).

At the outset, we note that in neither suit does Brunwasser come within the Code § 6213(a) exception to the Anti-Injunction Act, which is the only statutory exception arguably applicable. In the 1976 suit, he complains (1) that the IRS deprived him of Code § 6212(a) notice of deficiency and the 90 day period in which to petition the Tax Court as authorized by Code § 6213(a); (2) that the levy was without demand and notice required by Code § 6331(a); and (3) that "a penalty" was assessed without compliance with Code § 6659(a)(1). However, with certain exceptions not relevant here, Code § 6659(b) excludes from income tax deficiency procedures the additions to tax for failure to pay the tax that Brunwasser presently contests. Part of the deficiency procedures are found in Code §§ 6212 and 6213. Furthermore, Brunwasser has not controverted in the Affidavit that Walter M. Alt, Acting District Director, filed on June 2, 1976, that notice and demand was given on January 31, 1975 for the employment tax-related liability and on September 12, 1975 for the income tax-related liability. Thus, Brunwasser's first and third objections have no merit. As for the second, he has admitted receiving notice and demand regarding his income tax liability and related interest and additions on September 15, 1975 (Complaint, ¶ 14) and receiving notice and demand for penalties and interest due concerning his employment tax liability (Complaint, ¶ 4). Thus, Brunwasser has admitted receiving the Code § 6331(a) notice and demand of which he contends he was deprived. In the absence of the Code § 6213(a) exception to the Anti-Injunction Act or improper levy procedures, the injunction requested by Brunwasser's 1976 suit falls within the literal prohibition of that Act.

The 1974 suit is similar in this regard. Again the only statutory exception arguably relevant is the IRS's alleged non-compliance with Code § 6213(a). The August

30, 1974 levy at issue, however, was utilized to collect Brunwasser's liability for income tax, penalties and interest for taxable years ending 1970, 1971, 1972 and 1973. Except for a tax deficiency assessed on March 26, 1973, of which the IRS sent Brunwasser demand and notice the same day (Exhibit K, (Plaintiff's) Motion in Response to Order of December 6, 1976), and except for a deficiency on the 1973 return due to mathematical error, to which Code § 6213(b) states that Code § 6213(a) is inapplicable, the levy was for tax liability Brunwasser reported on his returns, which is not a "deficiency" under § 6213(a) (*see* Code § 6211), and for certain penalties and interest based on this tax liability, to which, as discussed above, the deficiency procedures do not apply. As for an asserted lack of notice and demand mandated by Code § 6331, Brunwasser admits in the handwritten portion of his complaint and in his Motion in Response to Order of December 6, 1976 and the accompanying exhibits that he received adequate notice and demand for the tax liability at issue. Similarly to the 1973 suit, therefore, injunctive relief sought in the 1974 suit is barred by the terms of the Anti-Injunction Act, since no exception to it is applicable.

Despite the literal interpretation of the Anti-Injunction Act, the United States Supreme Court has carved a further exception to the Act, allowing suits for injunctions only if both of two conditions are satisfied:

> "(1) it is 'clear that under no circumstances could the Government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists, i. e., the taxpayer shows that he would otherwise suffer irreparable injury."

*Comm'r of Internal Revenue v. Shapiro*, 424 U.S. 614, 627, 96 S.Ct. 1062, 1070, 47 L.Ed.2d 278 (1976), *citing Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Apparently the second ground should be considered first. *Comm'r of Internal Revenue v. Shapiro*, *supra*, at 634 n. 15, 96 S.Ct. 1062; *Smaldone v. Kurtz*, 450 F.Supp. 1138 at 1140–1141 (D.D.C.1978).

■ One prerequisite for equitable jurisdiction is the unavailability of an adequate remedy at law. Refund suits generally constitute an adequate legal remedy precluding the exercise of equitable jurisdiction. *Bob Jones University v. Simon*, 416 U.S. 725, 746–47, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 762–63, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974). To invoke this court's equitable jurisdiction in the 1974 suit, Brunwasser asserts that his good standing and financial reputation at Mellon Bank have been destroyed by the IRS's levy, and that they can be restored only if this court enjoins the levy. In the 1976 suit he reasserts this position and urges that "a claim for refund is not a proper remedy because of the unusual burden and work plus time and money expenditure which is involved." (Motion in Response to Order of December 6, 1976, at 14). The Supreme Court has clearly rejected the latter basis for equitable jurisdiction, in cases where the taxpayer was threatened with much greater harm than Brunwasser is here. *Id.* The first basis is without merit. Thus, since Brunwasser has shown no irreparable harm or damage that could not be remedied fully in an action at law, equitable jurisdiction does not lie for the injunctive relief for the levies in either suit.

■ As for the second requirement to maintain an injunctive action under the *Williams Packing* exception to the Anti-Injunction Act, not only has Brunwasser not demonstrated that the government could not possibly prevail, but we are satisfied that the IRS was substantially correct in its accounting of Brunwasser's tax liability and statutory additions. Were equitable jurisdiction present otherwise, Brunwasser would be barred from seeking the requested injunctive relief on this basis. Thus, since the injunctions requested in both suits do not fall within either a statutory or judicial exception to the Anti-Injunction Act, the Act bars Brunwasser from maintaining either suit for injunctive relief from the levies.

### III.

■ The other portions of the complaints can be disposed of more briefly. The constitutionality of the negligence penalty of Code § 6653(a) has been upheld previously against similar challenges. *See Helvering v. Mitchell*, 303 U.S. 391, 402–04, 58 S.Ct. 630, 82 L.Ed. 917 (1938). Moreover, it appears that Brunwasser was not assessed under that section and therefore lacks standing to challenge its constitutionality.

The constitutionality of the distraint provisions of Code § 6331, as applied where, as here, no irreparable harm to the taxpayer results, has also been upheld. *See Comm'r of Internal Revenue v. Shapiro, supra*, 424 U.S. at 630–32 & 630 n. 12, 96 S.Ct. 1062.

■ Although the complaints in these cases were filed before statutory three-judge courts were abolished on August 12, 1976 (28 U.S.C. § 2281), where no substantial constitutional question exists, as is the case here, convening a three-judge court is inappropriate. *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); *California Water Service Co. v. City of Redding*, 304 U.S. 252, 254–55, 58 S.Ct. 865, 82 L.Ed. 1323 (1938) (per curiam). We therefore conclude it is unnecessary for either a three-judge court or this court to consider the constitutionality of Code §§ 6653(a) and 6331.

■ Brunwasser's requests for information pursuant to the Freedom of Information Act, 5 U.S.C. § 552, fail to "reasonably describe such records" as required by subsection (a)(3) thereof. Accordingly, the portions of the complaint seeking such relief will be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

■ Whatever the merits of Brunwasser's claim as to the audits of his tax liability for years 1972 and 1973, the Anti-Injunction Act deprives the court of jurisdiction to enjoin those audits, because Brunwasser fails to meet the two-pronged test of *Enochs v. Williams & Navigation Packing Co., supra*. *United States v. Fensterwald*, 180 U.S.App.D.C. 86, 553 F.2d 231 (1977), cited by Brunwasser in support of his motion to permit discovery, lends no support to remedy this jurisdictional defect.

■ The fifth cause of action in the 1976 suit, which seeks a class action for injunctive and compensatory relief in connection with an alleged conspiracy to discriminate against "small taxpayers and small businessmen and against taxpayers who resist summary and arbitrary procedures" (Complaint, p. 15), fails to allege directly or by implication "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). The fifth cause of action, accordingly, will be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

■ As for Brunwasser's contentions that the District Director abused his discretion by not accepting a releasing bond pursuant to Code § 6325(a)(2), this court has no jurisdiction under the facts of this case to order the IRS to accept a bond. *Enochs v. Williams Packing & Navigation Co., supra*; *Tomlinson v. Poller*, 220 F.2d 308 (5th Cir.), *cert. denied*, 350 U.S. 832, 76 S.Ct. 66, 100 L.Ed. 742 (1955).

■ Brunwasser's fourth cause of action in the 1976 suit, seeking an order in the form of mandamus directing the District Director to initiate disciplinary proceedings against the other three defendants, does not request the court "to compel an . . . employee of the United States or any agency thereof to perform *a duty owed to the plaintiff.*" 28 U.S.C. § 1361 (emphasis added). Mandamus relief is unavailable, moreover, to compel the District Director to commence disciplinary proceedings, since there is *some* doubt if such proceedings are appropriate. *Commonwealth of Pa. v. National Ass'n of Flood Ins.*, 520 F.2d 11 (3d Cir. 1975). The fourth cause of action, therefore, will be dismissed pursuant to Rule 12(b)(6).

■ The damages Brunwasser seeks under Code § 7214 in the 1974 suit are unavailable, because § 7214 apparently provides

for damages only after a criminal conviction under the section. In any event, the allegations in Brunwasser's Complaint do not bring it within the terms of § 7214.

■■■ As for the 1976 suit, whatever the correctness of the IRS's computations of Brunwasser's tax accounts, plainly Brunwasser's fourth amendment rights have not been violated in this case, there being no warrantless entry into Brunwasser's private property. *Cf. G. M. Leasing Corp. v. United States,* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). In addition, Brunwasser's request for damages for asserted fifth amendment violations, in our view, fails to state a compensable claim for relief under the Constitution. *Butz v. Economou,* —— U.S. ——, 98 S.Ct. 2894, 2912, 57 L.Ed.2d 895 (1978). In light of our resolution of the constitutional attacks mounted in these cases, we feel that Brunwasser has failed to allege conduct on the part of the defendants constituting a substantial infringement of his constitutional rights, as was alleged in *Butz* and in *Paton v. La Prade,* 524 F.2d 862 (3d Cir. 1975).

### IV.

This case was originally assigned to the Honorable Louis Rosenberg of this Court. The parties have, from time to time, made reference to an oral order that Judge Rosenberg entered restraining the IRS from enforcing the levies. Our disposition of the cases necessarily removes the basis of any such order, and we accordingly will include in our order a provision that the IRS is not so restrained.

The remaining claims have no merit.