47 F.3d 1175
 75 A.F.T.R.2d 95-1286, 95-1 USTC P 50,149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald W. FAUSNER; Anita C. Fausner, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70625.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1995.*
Decided Feb. 14, 1995.
 
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Donald and Anita Fausner petition pro se for review of the tax court's denial of their motion for an award of litigation costs and punitive damages against the Commissioner of Internal Revenue (CIR) in connection with their successful petition for a redetermination of additions to their tax. We affirm the tax court's decision.
 
 II
 
 3
 The Fausners contend that the special trial judge lacked jurisdiction under 26 U.S.C. Sec. 7443A because the amount of deficiency in dispute was over $10,000.00. While the additions originally assessed against the Fausners in the notice of January 14, 1991, including the section 6653(a)(2) penalties amount to a sum over $10,000.00, it is undisputed that the CIR had conceded all of the additions before the hearing took place. Tax court jurisdiction in this case was therefore based not on the small tax provision of 26 U.S.C. Sec. 7443A(b)(2), but on section 7443A(b)(3), which allows the chief judge of the tax court to assign to a special trial judge "any proceeding where neither the amount of deficiency placed in dispute ... nor the amount of any claimed overpayment exceeds $10,000."[1]
 
 
 4
 Under section 7443A(b)(3), in keeping with the circumstances of this case, it was appropriate for the special trial judge both to hear and to decide this case.
 
 III
 
 5
 On appeal, the Fausners state that they do not dispute the tax court's denial of their motion for costs and fees pursuant to 26 U.S.C. Sec. 7430 and Rule 231, because this is not the statute under which they seek to sue. Instead, they wish to bring suit under 26 U.S.C. Sec. 7214. They do not seek now to be reimbursed for any costs and fees they incurred in this dispute with the IRS. We therefore do not review the decision denying the Fausners' motion pursuant to 26 U.S.C. Sec. 7430 and Rule 231.
 
 
 6
 While the Fausners earlier in this appeal sought punitive damages from the CIR under 26 U.S.C. Sec. 7214, they now seem to be aware that they lack standing to bring criminal charges against the CIR or any agents of the IRS, because they ask this panel to "pass to the U.S. Attorney for San Diego County ... the details of this case for prosecuting those particular IRS officials named in service of our motion that have determined and persisted in the execution of the meritless Notices of Deficiency and reports of changes to individuals [sic] income tax."
 
 
 7
 As the Fausners appear to recognize, section 7214 is a criminal statute over which the tax court lacks jurisdiction. See Rice v. Commissioner, T.C.M. (P-H) p 78, 334 (1978 WL 3012 at * 3) (1978). The provision granting a district court discretion to award a fee to informers applies only after there has been a criminal conviction. See Brunwasser v. Jacob, 453 F.Supp. 567, 572-73 (W.D.Pa.1978), aff'd, 605 F.2d 1194 (3d Cir.1979). The Fausners' allegations do not in any case fall within the terms of section 7214. Even if they did, the Government's decision whether or not to prosecute individuals under the criminal law is a matter distinct from and external to the authority of the courts.
 
 
 8
 Aside from any question of punitive damages, the Fausners demand a refund of monies they allegedly overpaid for tax year 1982. The Fausners' earlier attempt to litigate this issue (Tax Court Docket No. 4396-91) was dismissed for jurisdictional reasons. They may not attempt to relitigate this dispute under the guise of bringing an action relating to additions assessed (and conceded) separately. Additionally, the Fausners demand refunds for amounts they allegedly overpaid in tax years 1983 and 1984. Because they raise these issues for the first time on appeal, without further explanation, we do not consider them. Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992).
 
 III
 
 9
 Because the Fausners do not dispute the decision denying their motion for costs under 26 U.S.C. Sec. 7430, and because they bring no other issue on appeal that may properly be considered by this court, the order of the special tax judge is hereby AFFIRMED.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The amount the Fausners claim to have overpaid in 1991 is not the subject of the instant action, but was determined by the partnership case, docket No. 26210-88S. The Fausners' attempt to dispute that assessment was rejected by the tax court in its order relating to the action filed in docket No. 4396-91