Neil T. NORDBROCK and Evelyn R. Nordbrock, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. Nos. 99–199 TUC ACM, 99–293 TUC–ACM.

United States District Court, D. Arizona.

Feb. 4, 2000.

·. Neil T. Nordbrock,·Tucson, AZ, pro se.

` Jose de Jesus Rivera, Phoeniz, AZ, Robert P. McIntosh, U.S. Dept. of Justice, Trial Attorney, Tax Div., Washington, DC, for U.S.

## ORDER

MARQUEZ, Senior District Judge.

On April 21, 1999, Neil T. Nordbrock ("Mr.Nordrock") and Evelyn ·R. Nordbrock ("Ms.Nordbrock"), collectively "Plaintiffs," filed Civil Action 99–199–TUC–ACM. ·On August 9, 1999, Plaintiffs filed Civil Action 99–293–TUC–ACM. The actions were consolidated on August 25, 1999.

Plaintiffs allege various tax improprieties on the part of the United States of America ("Defendant" or "Government"). Presently pending before the Court are Motions to Dismiss and for Summary Judgment filed by the Defendant.

### I. *Relevant Procedural History*

Plaintiffs were criminally convicted of filing false joint income tax returns for the 1981 and 1982 income tax years. (CR–88–337 TUC–JMF, no docket number available.) On appeal, the court found that there was sufficient evidence of specific intent to violate the tax laws and Plaintiffs' convictions were affirmed. *United States v. Nordbrock,* 1992 WL 2755, at *16–17 (9th Cir. Jan.9, 1992) (unpublished).

In 1982, an Internal Revenue Service ("IRS") agent requested information from Mr. Nordbrock regarding income tax returns he prepared for other taxpayers during the tax periods of July 1, 1978 through June 30, 1981. *United States v. Nordbrock,* 38 F.3d 440, 442 (9th Cir.1994). Af-

ter several years of actively pursuing its request, the IRS assessed tax return preparer penalties in the amount of $75,000 for failure to comply. *Id.* Mr. Nordbrock paid $250 of the assessment and in 1983, filed a lawsuit seeking refund of the $250 and an abatement· of the balance of the assessment. *Id.* The Government counterclaimed for the $74,750 balance of the assessment. *Id.*

A jury ultimately decided in favor of the Government and ·found that Mr. Nordbrock had not acted in good faith and had willfully failed to comply with the law. *Id.* at 443. A lifetime injunction was entered on the basis of that verdict which prevented Mr. Nordbrock from preparing tax returns for other people; the district·court also entered judgment in favor of the Government on Mr. Nordbrock's claim for refund. *Id.* at 442–43. The judgment of the district court was affirmed on appeal.· *Id.* at 448. The penalty was reduced to formal judgment by order of the district court on December 11, 1992. (CIV 83–553–TUC–WDB, Docket No. 245.)

On October 9, 1992, in an effort to collect the assessment, the Government issued a Notice of Seizure on the Swan Business Organization, as the nominee of Mr. Nordbrock. (Complaint, CIV 99–199–TUC–ACM, Attachments F and K.) On October 13, 1992, Plaintiffs filed a bankruptcy petition, (Compl.¶ 9(b)), which presumably halted the sale of the property. On April 12, 1996, the seized property was sold. (Compl.Attach.W.) Plaintiffs filed an Administrative Claim for damages and wrongful levy on December 30, 1996. (Compl.¶ 5.) On April 26, 1997, Plaintiffs received a notice of denial. (Compl.¶ 7.)

### II. *CIV 99–199–TUC–ACM*

Defendants move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure ·to state a claim upon which relief can be granted, respectively. In deciding a motion to dismiss, a court accepts as true all allegations

of material fact in the complaint and construes them in the light most favorable to the nonmoving party. A court will not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. However, a court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir.1994).

■ A pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987). Before dismissing a complaint, a court is required to give the plaintiff a statement of the complaint's deficiencies. *Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623–24 (9th Cir.1988).

### A.  *Suit for Refund*

Plaintiffs allege that the Government illegally collected penalties from Mr. Nordbrock for the years 1979, 1980, and 1981. (Complaint, CIV 99–199–TUC–ACM, ¶ 5.)

■ In order for a court to have jurisdiction under 28 U.S.C. § 1346(a)(1) over a refund claim, the plaintiff must have fully paid the assessed deficiencies. *Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

To the extent that Plaintiffs' Complaint can be interpreted as a claim for refund, the Court lacks subject matter jurisdiction because Plaintiffs have not paid in full all of the assessed amounts. (See Certificate of Assessments and Payments, attached to Declaration of Robert McIntosh, filed on June 23, 1999, showing unpaid balances for each of the penalty assessments for the periods ending June 30, 1079, June 30, 1980, and June 30, 1981.)

### B.  *Suit for Unauthorized Collection Action*

Plaintiffs allege that the Government committed an act of criminal fraud in an attempt to subvert the statute of limitations by deliberately changing the date of assessment from 6/28/82 to 6/28/92. (Compl.¶ 6.) Plaintiffs also contend that the Government's seizure of their property was invalid because there were no valid liens on file at the time of the seizure. (Compl.¶ 9.)

Title 26 U.S.C. § 7433(a)(1) provides compensation for "actual, direct economic damages" arising from "the reckless or intentional actions of the [IRS] officer or employee." An action to enforce liability must be brought within two years after the date the right of action accrues. 26 U.S.C. § 7433(d)(3). An action "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433–1(g)(2).

■ Here, Plaintiffs submitted their Administrative Claim for damages on December 30, 1996. Plaintiffs do not dispute that they had available to them all the essential elements of a possible cause of action on that date. Because Plaintiffs did not file their Complaint until April 21, 1999, well beyond the two year period established by Section 7433, their action is time-barred.

### C.  *Claim of Wrongful Levy*

Ms. Nordbrock advances a claim of wrongful levy charging that the Government seized her interest in the Swan Business Organization for the tax liability of Mr. Nordbrock without giving her proper notice. (Compl.¶ 10.)

As with actions brought under Section 7433, claims filed under 26 U.S.C. § 7426 have strict periods of limitation. An action to recover for a wrongful levy by a person other than the taxpayer under Section 7426 must be filed within nine months of the challenged levy. 26 U.S.C. § 6532(c)(1).

█ In this case, the Swan Business Organization was the owner of record of the seized property. (Compl.Attach.H.) The Government was only required to send notice to the "owner" of the real property. 26 U.S.C. § 6335(a). Notice of Seizure was sent to the Swan Business Organization on October 9, 1992 and Ms. Nordbrock filed her claim on April 21, 1999, more than *six years* beyond the "wrongful levy." Her action was not timely filed.

The Court lacks jurisdiction over the entirety of Plaintiffs' claims in CIV 99–199–TUC–ACM. It is absolutely clear to the Court that Plaintiffs cannot cure the deficiencies of their Complaint by amendment. Thus, the Court will not grant Plaintiffs leave to amend. Civil Action 99–199–TUC–ACM is dismissed with prejudice.

### III. CIV 99–293–TUC–ACM

Defendants move to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim. Alternatively, Defendants move for an order granting summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

If matters outside of the pleadings are submitted, a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is treated as one for summary judgment. *Del Monte Dunes at Monterey, Ltd. v. Monterey,* 920 F.2d 1496, 1507 (9th Cir.1990).

Here, because both parties submit matters outside of the pleadings, the Court will treat Defendant's Motion as one for Summary Judgment. Rule 56(c) of Federal Rules of Civil Procedure provides for summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The party seeking summary judgment carries the burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). Once the moving party has met that burden by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, Rule 56(e) shifts the burden to the nonmoving party to present specific facts showing that such contradiction is possible. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 950–52 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).

All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens,* 533 F.2d 429, 432 (9th Cir.1976). The nonmoving party's evidence is to be taken as true and all inferences are to be drawn in the light most favorable to the nonmoving party. *Eisenberg v. Insurance Co. of North Am.,* 815 F.2d 1285, 1288 (9th Cir.1987).

#### A. Suit for Wrongful Disclosure

Plaintiffs allege that while performing an unauthorized audit, the Government mailed out several circular letters to individuals and businesses requesting information about business dealings with the Plaintiffs. (Complaint, CIV 99–293–TUC–ACM, ¶ 6.) Plaintiffs contend that this was a violation of Title 26 U.S.C. § 6103 which prohibits the disclosure of taxpayer return information. (Compl.¶ 7.)

According to IRS Agent Wayne Johnson, in conducting an investigation of the Plaintiffs for the tax years 1995 and 1996, the IRS issued eleven letters to third parties requesting various information about transactions conducted with the Plaintiffs during January 1, 1995 through December 31, 1996. (Declaration of Agent Wayne Johnson, ¶¶ 2, 7–8.) Plaintiffs were identified by name, social security number, and address. (Johnson Decl. ¶ 8.) The recipients of the letters were asked for copies of checks and invoices received from the Plaintiffs as well as copies of 1099 forms

that were issued to the Plaintiffs during 1995 and 1996. (Compl.Attach.Y.)

Plaintiffs correctly argue that "returns" and "return information" are confidential (26 U.S. § 6103(a) & (b)) and that return information includes the taxpayer's identity, the nature, source, and amount of income, and whether there is an investigation. 26 U.S.C. § 6103(b). However, Section 6103 authorizes the IRS to disclose "return information to the extent that such disclosure is necessary in obtaining ... the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of the [Code]." 26 U.S.C. § 6103(k)(6).

■ It is undisputed that Agent Johnson mailed the eleven letters in furtherance of the tax investigation that the IRS was conducting of the Plaintiffs for the tax years 1995 and 1996. Thus, the disclosure of the Plaintiffs' name, social security number, and address was authorized by Section 6103 and legal as a matter of law.[1] The Court grants summary judgment in favor of the Defendant on Count One in Civil Action 99 CV 293.

B. *Suit for Criminal Violations*

Plaintiffs allege that since 1982, the Government and more than 150 individual co-conspirators, perpetrated in excess of 500 separate criminal acts upon the Plaintiffs. (Compl.¶ 15.) Included among those criminal acts are the seizure of assets by the Government from 1986 through 1997. (Compl.¶ 11.) Plaintiffs list the following criminal violations: 18 U.S.C. § 872 (extortion); 18 U.S.C. § 1001 (false statements and writings); 18 U.S.C. § 1341 (frauds and swindles); 18 U.S.C. §§ 1513 (racketeering); 18 U.S.C. § 1964 (RICO); 18 U.S.C. § 2073 (false entries and reports);

26 U.S.C. § 7213 (unauthorized disclosure of information); and 26 U.S.C. § 7214 (extortion and willful oppression). (Compl.¶¶ 10–17.)

■ The Court finds no basis for implying a civil cause of action from these federal criminal code provisions. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991) (a federal agency is not subject to state or federal criminal prosecution); *Dees v. California State University, Hayward*, 33 F.Supp.2d 1190, 1201 (N.D.Cal.1998) (RICO statutes do not indicate that the United States has waived its sovereign immunity) *Salisbury v. Chapman*, 527 F.Supp. 577, 579 (N.D.Ill.1981) (Section 1341 mail fraud is included within the broad sweep of the RICO statute); *Federal Sav. and Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir.1987) (no civil cause of action under Section 1001 where no affirmative indication that Congress intended statute to furnish civil remedy); *Brunwasser v. Jacob*, 453 F.Supp. 567, 572 (W.D.Pa.1978), aff'd. 605 F.2d 1194 (3rd Cir.1979) (damages under Section 7214 unavailable because Section 7214 provides for damages only after a criminal conviction).

None of the criminal provisions alleged by the Plaintiffs grant this Court jurisdiction or waive the Government's sovereign immunity. They merely provide a criminal penalty for the unlawful acts of revenue officers or agents. Plaintiffs have failed to state a claim in Counts Two and Three of Civil Action 99 CV 293. Fed.R.Civ.P. 12(b)(6). Accordingly, those claims are dismissed with prejudice.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Document 5 in 99 CV 199) is GRANTED.

---

1. While the Court does not read Plaintiffs' Complaint as setting out a claim of wrongful disclosure due to IRS Agent Duffy's representations during a Bankruptcy Court proceeding, a disclosure of that nature would not be unlawful in any event. See 26 U.S.C. § 6103(h)(4) (A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title.).

949

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Document 6 in 99 CV 293) is GRANTED.

**IT IS FURTHER ORDERED** that judgment in favor of the Defendant be entered accordingly.