**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BILL MAX OVERTON,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 02-6117

(D.C. No. CIV-01-601-L)

(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Bill Max Overton, appearing pro se, filed an action raising seventeen claims against the United States; each claim sought damages for alleged

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violations of the Omnibus Taxpayer Bill of Rights, Pub. L. No. 100-647, Title VI, Subtitle J (codified as amended in scattered sections of 26 U.S.C.), which Congress passed on November 10, 1988.  The government moved, pursuant to Fed. R. Civ. P. 8, 12(b)(1) and 12(b)(6), to dismiss Mr. Overton's complaint.

Construing Mr. Overton's allegations liberally pursuant to Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), the district court determined it did have jurisdiction over this matter via 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7432. The district court dismissed Mr. Overton's complaint, without prejudice, for failure to state a claim.  The district court also denied Mr. Overton's motion for recusal.   Mr. Overton now appeals.

Sixteen of Mr. Overton's allegations contend that the government violated 26 U.S.C. § 7609 by seeking to obtain records from sixteen different banks without sending Mr. Overton any notice.  We agree with the district court's conclusion that these allegations fail to state a claim because "no facts alleged . . . indicate[] how or when these alleged violations occurred."  Rec. doc. 56, at 2, at 2 (Dist. Ct. Order, filed March 19, 2002).

Mr. Overton's remaining allegation charges that he is entitled to damages because a "Revenue officer knowingly demanded greater sum than authorized by law" in violation of 26 U.S.C. § 7214(a)(2).  Rec. doc. 1, at 11 (Complaint, filed Apr. 19, 2001).  Apparently, Mr. Overton is challenging the government's

assessment of his 1998 tax return as excessive. Mr. Overton does not identify the revenue officer or agent who allegedly violated the statute. In addition, a taxpayer may file suit for damages under this section only after a criminal conviction against the revenue officer or agent has been procured under this section. See Brunwasser v. Jacob, 453 F. Supp. 567, 572-73 (E.D. Pa. 1978), aff'd, 605 F.2d 1194 (3d Cir. 1979); see also Detweiler v. United States, 406 F. Supp. 695, 760 (E.D. Pa.1975), aff'd, 544 F.2d 512 (3d Cir. 1976). We therefore conclude that the district court properly dismissed this count of Mr. Overton's complaint without prejudice.

Finally, we turn to Mr. Overton's contention that the district court acted with bias and prejudice against him and improperly failed to grant his recusal motion. We review the denial of a motion to recuse only for an abuse of discretion. United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992). "[C]onclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). Rather, Mr. Overton must allege "with required particularity the identifying facts of time, place, persons, occasion and circumstances." Id.

In this case, Mr. Overton's motion is based solely on his own conclusions, beliefs and opinions, and a review of the record shows that the district court did

not act with bias or prejudice in any of its rulings.  We conclude that the district court did not abuse its discretion in denying Mr. Overton's recusal motion. [1]

Accordingly, we AFFIRM the orders of the district court.

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[1]  In light of our resolution of the issues raised by Mr. Overton, we DENY Mr. Overton's Motion to Call Forward the Entire Trial Court Record.  In that motion, Mr. Overton alleges that the district court erred in striking from the record certain lists of evidence pertaining to his allegations of bias and prejudice. We note that Mr. Overton filed this motion after the district court entered judgment against him.  Moreover, the evidence to which Mr. Overton refers consists only of his unsupported allegations.