**Steven FELAK, Jr., Plaintiff,**

v.

**UNITED STATES of America; C.D. Switzer, District Director, Internal Revenue Service; Joe H. Boutorac, Appeals Officer, Internal Revenue Service; Lawrence B. Gibbs, Commissioner, Internal Revenue Service, and Unknown John Does and Mary Does, Agents or Employees of the Internal Revenue Service, Defendants.**

No. CV 3–87–254.

United States District Court,
D. Minnesota,
Third Division.

Jan. 11, 1988.

Steven Felak, Jr., pro se.

Thomas Sykes, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants.

### ORDER

DEVITT, District Judge.

Individual defendants C.D. Switzer, Joe H. Boutrac and Lawrence B. Gibbs have moved the court for dismissal in their favor or, in the alternative, for summary judgment. Because the Court is persuaded that the defendants are covered by a qualified immunity and that no *Bivens* action can be brought against them, the motion is granted.

Breifly, this case involves plaintiff's claims that certain tax assessments against him are improper. The complaint named the United States as well as three Internal Revenue Service employees in their individual capacities as defendants. The claims against the United States were dismissed in June, 1987 because the complaint was filed the day after the limitations period prescribed by 26 U.S.C. section 7429(b) had passed. The remaining allegations in the complaint assert *Bivens*-type claims for compensatory and punitive damages from federal officials in their individual capacities for actions allegedly taken in furtherance of their official capacities as employees of the Internal Revenue Service. The pending summary judgment motion seeks judgment or dismissal of these individual claims.

The defendants argue that a *Bivens*-type action against Internal Revenue Service employees for damages does not exist and should not be created. Among the factors which make courts reluctant to expand the availability of *Bivens* actions are 1) the lack of an underlying constitutional claim, 2) the existence of explicit statutory remedies, or 3) a risk that a court-created remedy would interfere with the effective functioning of government. *See Cameron v. Internal Revenue Service,* 773 F.2d 126, 129 (7th Cir.1985); *Baddour, Inc. v. United States,* 802 F.2d 801, 808 (5th Cir.1986). At least two of these factors are present here.

The plaintiff had available to him the means of challenging the assessments complained of under 26 U.S.C. section 7429. His failure to do so within the time limits prescribed by statute does not entitle him to redress under a *Bivens* theory. In fact, the existence of this statutory remedy makes a *Bivens* remedy inappropriate. As stated by the Court in *Cameron:*

> Congress has given taxpayers all sorts of rights against an overzealous officialdom, including, most fundamentally, the right to sue the government for a refund if forced to overpay taxes, and it would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a

damage action against Treasury employees.

*Cameron,* 773 F.2d at 129.

Furthermore, the existence of a *Bivens* remedy against employees of the Internal Revenue Service would interfere with the effective functioning of government. "To open up an entirely new avenue of relief resulting in the personal liability of Internal Revenue Service employees would serve to hamper the ability of such employees to perform a function that is a difficult one and one that is vital to our nation." *Baddour,* 802 F.2d at 806.

■ The defendants also argue in favor of their motion for summary judgment that their actions are covered by a qualified immunity. Under the qualified immunity doctrine, a public official is not liable for damages if his behavior is "objectively reasonable." *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Affidavits submitted by the defendant establish that legal advice was obtained from the District Counsel in this case before an assessment was made. At least one court has found that evidence that an official sought legal advice before acting is persuasive evidence of the reasonableness of his conduct. *Bier v. Fleming,* 717 F.2d 308, 313 (6th Cir.1983).

The plaintiff must forward facts and law which show a clear violation of law in order to survive a motion for summary judgment, especially in light of the government's showing that the officials acted reasonably. *Green v. White,* 693 F.2d 45, 47–48 (8th Cir.1982). The complaint does not specifically allege facts which show a violation of a clearly established right and plaintiff has not submitted a responsive memorandum to the summary judgment motion. Therefore, the defendants are entitled to summary judgment on the basis of qualified immunity.

Based on the forgoing, IT IS ORDERED that

1) Defendants' motion for summary judgment is GRANTED.

2) Plaintiff's motions for voluntary dismissal and withdrawl of the motion for voluntary dismissal are DENIED as moot.