**John M. HOLLETT, Plaintiff,**

v.

**Leroy BROWNING, et al., Defendants.**

**No. CV–F–88–402 REC.**

United States District Court,
E.D. California.

Nov. 30, 1988.

---

John M. Hollett, Fresno, Cal., for plaintiff.

Thomas F. Carlucci, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## DECISION AND ORDERS RE MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT AND FOR ATTORNEY'S FEES

COYLE, District Judge.

On November 14, 1988 the court heard defendants' Motion to Dismiss or For Summary Judgment and For Attorney's Fees. The court took the matter under submission pending the receipt of additional briefing by plaintiff. All briefing is now complete. Accordingly, upon due consideration of the written and oral arguments of the parties and the record herein, the court issues its orders for the reasons set forth herein.

John M. Hollett, proceeding *in pro per*, has filed a "First Amended Complaint Seeking Redress for Violation of Civil Rights, and Violation of Due process by and through Declaratory and Injunctive Relief (In the Nature of Mandamus)." The First Amended Complaint names as defendants R. Browning and C. Pope, Revenue Agents of the Internal Revenue Service, who are sued in their official and individual capacities, the United States of America,

the Internal Revenue Service and Does 1–20. The action involves the allegedly improper levy and seizure of certain vehicles and a bank account and an allegedly improper disclosure.

## A. *Subject Matter Jurisdiction.*

The First Amended Complaint alleges that this court has subject matter jurisdiction of this action:

> [U]nder 42 USC, Section 1983 and/or 28 USC, Section 1331 (as to Federal Employees), to redress the deprivation, under color of state and/or Federal Statute/law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C., Section 1343. In addition the court has jurisdiction under 26 U.S.C., Section 7214(a)(1) and Section 7214(a)(7). Plaintiff seeks declaratory relief pursuant to 28 U.S.C., Sections 2201 and 2202.

Defendants contend that to the extent this action is a suit against the United States and its employees acting in their official capacities and seeks money damages, it is barred by the doctrine of sovereign immunity, *Gilbert v. Da Grossa,* 756 F.2d 1455, 1459 (9th Cir.1985), an immunity that has not been waived in connection with this action.

■ Plaintiff, however, alleges a violation of the nondisclosure provisions of 26 U.S.C. § 6103. 26 U.S.C. § 7431 provides for money damages in the event of such violation. The United States is the sole proper defendant in an action for violation of Section 6103. *Mid–South Music Corp. v. Kolak,* 756 F.2d 23, 25 (6th Cir.1984). Consequently, the United States has waived its sovereign immunity to the extent plaintiff seeks damages for the alleged violation of Section 6103.

■ In his opposition to this motion, plaintiff suggested that subject matter jurisdiction could lie with respect to the allegedly improper levies and seizures pursuant to 28 U.S.C. § 1340, the United States

waiving its sovereign immunity pursuant to 28 U.S.C. § 2410.[1] Defendants in their reply brief concede that these two statutes could give the court subject matter jurisdiction.

Defendants argue, however, that Sections 1340 and 2410 do not constitute a waiver of sovereign immunity to the extent the amended complaint seeks money damages from the United States for the actions of the revenue agents. The court agrees. "The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Nothing in Section 2410 even remotely suggests that Congress intended the waiver of sovereign immunity set forth therein to encompass actions for money damages. Section 2410(a) provides:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
>
> (1) to quiet title to,
>
> (2) to foreclose a mortgage or other lien upon,
>
> (3) to partition,
>
> (4) to condemn, or
>
> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

Plaintiff cites no authority so holding, defendants flatly state there is none, and the court cannot find any.

■ Consequently, while this court has subject matter jurisdiction to award damages against the United States for violation of the non-disclosure provisions of Section

---

**1.** 28 U.S.C. § 1340 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue...." 28 U.S.C.

§ 2410 allows the United States to be named as a party in a civil action affecting property on which the United States has a lien.

6103, the court does not have subject matter jurisdiction to award money damages against the United States on any other basis set forth in the First Amended Complaint.[2]

### B. *Bivens Action.*

■ The courts have recognized that sovereign immunity does not bar damage actions against federal officials in their individual capacity for violation of a individual's constitutional rights. *See Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

However, defendants move for dismissial of the claims of denial of constitutional rights alleged against Browning and Pope on the ground that a *Bivens* action may not lie at all against revenue agents. Defendants refer the court to *Schweiker v. Chilicky,* —— U.S. ——, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). In *Chilicky* the Supreme Court reversed the Ninth Circuit and held that the improper denial of Social Security disability benefits allegedly resulting from violations of due process by government officials who administered the Federal Social Security program does not give rise to a cause of action for money damages against those officials because such a remedy has not been included in the elaborate remedial scheme devised by Congress.

Even prior to *Chilicky,* courts had concluded under a similar rationale that a *Bivens* remedy should not be available in actions for damages against federal revenue agents. *Baddour, Inc. v. United States,* 802 F.2d 801, 807–809 (5th Cir. 1986); *Cameron v. I.R.S.,* 773 F.2d 126, 129 (7th Cir.1985); *Felak v. United States,*

677 F.Supp. 606, 607–608 (D.Minn.1988); *compare Rutherford v. United States,* 702 F.2d 580 (5th Cir.1983).

The position of the Ninth Circuit relative to the implication of a *Bivens* remedy against Internal Revenue Service agents has not been definitively stated. In the last of the opinions in *Bothke v. Fluor Engineers and Constructors, Inc.,* 713 F.2d 1405 (9th Cir.1983), *vacated and remanded,* 468 U.S. 1201, 104 S.Ct. 3566, 82 L.Ed.2d 867 (1984), *on remand,* 739 F.2d 484 (9th Cir.1984), *on further appeal,* 834 F.2d 804 (9th Cir.1987), the Ninth Circuit suggested that there might be a cause of action for deprivation of a liberty interest under the substantive due process clause resulting from abusive tax collection practices. In *Bothke,* referring to *Rutherford v. United States, supra,* the Ninth Circuit assumed for purposes of argument that such a cause of action existed but found for the revenue agent. *But see Todd v. United States,* 849 F.2d 365, 368 (9th Cir. 1988) wherein the Ninth Circuit refuses to discuss United States' defense on appeal that Todd's *Bivens* action is supplanted by alternative adequate and effective remedies, confining its analysis to qualified immunity.

In the court's opinion, the rationale of *Chilicky* should be applied to preclude a *Bivens* remedy for damages for alleged violations of constitutional rights in the collection of federal taxes. It is hard to imagine a statutory system more equitable to the Social Security Act than the Internal Revenue Code. As stated in *Cameron v. I.R.S., supra,* "Congress has given taxpayers all sorts of rights against an overzealous officialdom, including, most fundamentally, the right to sue the government for a

---

**2.** Plaintiff's reliance upon 28 U.S.C. § 1331 to provide subject matter jurisdiction is misplaced. Section 1331 merely provides that the district courts shall have original jurisdiction in all civil actions arising under the Constitution, laws or treaties of the United States. Section 1331 cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity. *Gilbert v. Da Grossa, supra.* Clearly, 42 U.S.C. § 1983 and 28 U.S.C. § 1343 have no relevance to this action against the United States and federal employees. *Tripati v. U.S.I.N.S.,* 784 F.2d 345, 346 n. 1 (10th Cir.1986), and, thus,

cannot provide subject matter jurisdiction. 26 U.S.C. § 7214 also cannot provide subject matter jurisdiction because a precondition to a taxpayer suit for damages against a revenue agent under this provision is the criminal conviction of the agent. *Brunwasser v. Jacob,* 453 F.Supp. 567, 572–573 (W.D.Pa.1978), *aff'd,* 605 F.2d 1194 (3d Cir.1979). And by its terms 28 U.S.C. § 2201 pertaining to declaratory judgments does not provide subject matter jurisdiction in actions with respect to federal taxes. *Latch v. United States,* 842 F.2d 1031, 1033 (9th Cir. 1988).

refund if forced to overpay taxes, and it would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damage action against Treasury employees." Consequently, the court holds that plaintiff cannot state a *Bivens* action against the individual defendants and dismisses plaintiff's claims for damages for alleged violations of constitutional rights.

### C. *Legality of Assessment.*

The First Amended Complaint seeks to enjoin any further levies and seizures pursuant to the assessment until plaintiff has been given "fair and impartial administrative hearings and a valid procedurally correct assessment is made against plaintiff." The United States agrees with plaintiff that a failure to follow the procedures set forth in 26 U.S.C. §§ 6212(a) and 6213(a) for the issuance of an assessment can constitute an exception to the Anti–Injunction Act, 26 U.S.C. § 7421. *Jensen v. I.R.S.*, 835 F.2d 196, 198 (9th Cir.1987). The United States further concurs that Section 2410 encompasses an action questioning the validity of the procedures used to enforce a lien or levy and not the validity of the assessment itself. *See, e.g., United States v. Coson*, 286 F.2d 453 (9th Cir.1961). However, defendants argue that they are entitled to summary judgment that they followed all the statutorily required procedures in this action.

As near as the court can determine from the First Amended Complaint and plaintiff's opposition to the motion, the *facts* upon which plaintiff relies in contending that the levy and seizure of the vehicles and his payroll check were procedurally unlawful are essentially four.

■ First, he alleges in paragraph 23 of the First Amended Complaint:

... Plaintiff alleges that upon Notice given to Plaintiff of possible levy and seizure on October 26, 1987, (Exhibit 'B'), Plaintiff requested of Defendant, Internal Revenue Service, a formal hearing to resolve any dispute with the Internal Revenue Service, (Exhibit 'C'), which the Internal Revenue Service failed to provide Plaintiff.

However, plaintiff was not entitled to any such pre-levy hearing either by statute or the Constitution. On March 13, 1987 plaintiff was mailed a Notice of Deficiency for the taxable year ended December 31, 1983. *See* Exhibit B to United States' Response to Plaintiff's Opposition. As explained in *Stonecipher v. Bray*, 653 F.2d 398, 403 (9th Cir.1981), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982):

The prompt collection of taxes is necessary for the nation's continued existence and is an important governmental interest that justifies postponing notice and an opportunity for a hearing ... Stonecipher's due process rights are adequately protected by the statutory scheme which allows him to contest his tax liability in the Tax Court prior to paying the disputed tax or to sue for a refund in federal district court or in the Court of Claims.

Consequently, defendants are entitled to summary judgment with respect to the allegation in paragraph 23 of the First Amended Complaint.

■ In paragraph 24 of the First Amended Complaint plaintiff alleges "that there was no valid assessment against Plaintiff, as Plaintiff acquired his 'Individual Master File,' from the Internal Revenue Service for the year 1983 wherein it is clearly shown that no outstanding liability exists, (Exhibit 'D') and therefore the levys and seizure were not a collection of tax as no assessment has yet been made against Plaintiff." It is clear from plaintiff's brief in opposition to this motion as well as from his pleadings filed in connection with the injunction hearings last summer and his comments at oral argument that the gist of this allegation involves the filing of a substitute return by the IRS for the year 1983 pursuant to 26 U.S.C. § 6020. In his "Memorandum of Law Describing the 'Levying' Process, Seizure Process, and Assessment Process Re: Temporary Restraining Order and Preliminary Injunction" filed on July 27, 1988, plaintiff contended that defendants failed to follow statutory procedure in making an assessment against

plaintiff, thereby negating a valid assessment upon which to base the levy and seizure at issue herein. Plaintiff so argued because the substitute return prepared by the IRS did not contain a calculation of the amount of tax due on its face and was not certified by the appropriate official with the IRS. Exhibit B to this memorandum is identical to Exhibit A to defendants' reply brief in connection with this motion. The substitute return shows *only* Hollett's name, address, social security number, that he is married filing separately and that he's taking only himself as an exemption. From the court's research, however, it appears that plaintiff's contention concerning the legality of the assessment because of the form of the substitute return is without merit. In *Hartman v. Commissioner*, 65 T.C. 542 (1975), the Tax Court held:

> By law all taxes, deficiencies, determinations or penalties must be based on taxes shown on a return prepared either by the taxpayer, who is the [petitioner] herein, or by the Secretary or his delegate, who is the [respondent] herein.
>
> Petitioner concedes (and correctly so) that he filed no 'return' within the meaning of the statute. Edward A. Cupp, supra. Thus, the question before us is: Does section 6020(b)(1) require the Commissioner to make a return for every taxpayer who fails or refuses to do so before a deficiency can be determined pursuant to Section 6201? We think not.

In *United States v. Harrison*, an unreported case (E.D.N.Y.1972, 30 AFTR 2d 72–5367, 72–2 USTC par. 9573), affd. —— F.2d —— (2d Cir.1972, 31 AFTR 2d 73–967, 73–1 USTC par. 9295), *cert. denied* 411 U.S. 965 [93 S.Ct. 2144, 36 L.Ed.2d 685] (1973), the district court ably traced the legislative history of section 6020(b), a history extending back to the 1860's, and concluded that there was nothing to show that Congress ever intended the statute to operate as the taxpayer there, and petitioner here, would have us hold. When section 6020(b) is lifted out of the Code and read literally, as petitioner has done, its scope is broad and its meaning and purpose hazy. But the Internal Revenue Code cannot be so read, for each section is not a self-contained whole, but rather a building block of a complex, interrelated statute. Based on its location in chapter 61 and the lack of any cross-references (other than to the word 'return'), section 6020(b) is not to be read as a prerequisite to the Commissioner's proceeding under section 6201(a)(1) (chapter 63). *United States v. Harrison, supra.*

The cases cited by plaintiff either are not on point or quote references taken out of context. Thus, *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976), involved the application of the privilege against self-incrimination to a return prepared by the taxpayer. *Tucker v. United States*, 8 Cl.Ct. 575, 85–2 USTC 9631 (1985), involved the exercise of the election to file a joint return. In *T.L. Squared, Inc. v. United States*, 74–1 USTC 9260, 1974 WL 513 (S.D.Ohio 1974), the statement relied upon by plaintiff was simply made in the course of the opinion; it is not the holding. Consequently, the allegation in paragraph 24 as construed herein is without merit and defendants are entitled to summary judgment with respect to it.

In paragraph 24(a) it is alleged as follows:

> [A]s to the year 1986, the Internal Revenue Service, absent any basis of fact, imposed a $500.00 penalty against Plaintiff for an alleged false W–4 form, which Plaintiff attested to as being true and correct under the penalties of perjury. Plaintiff alleges that such penalty was imposed contrary to law and in violation of 26 U.S.C. section 7214(a)(1) and 7214(a)(7). In fact, Exhibit 'E', a document retrieved from the Internal Revenue Service, via the Freedom of Information Act, indicates that the Internal Revenue Service had no information which would determine that Plaintiff was making any false statements on his W–4.

The United States makes no argument with respect to this allegation. Accordingly, dismissal or summary judgment with regard to it would be improper.

■ In paragraph 40 plaintiff appears to allege that the levies and seizures were

illegal from the outset because they were not preceded by a court order. There is no such requirement under the law. *Paw-lowske v. Chrysler Corp.*, 623 F.Supp. 569, 571 (N.D.Ill.1985), *aff'd*, 799 F.2d 753 (7th Cir.1986). Defendants are therefore entitled to summary judgment.[3]

### D. *Legality of Seizure.*

The First Amended Complaint further alleges that the seizure of all vehicles described therein except the 1978 Ford pickup was illegal because plaintiff is not the legal owner of the vehicles. The court has previously ruled in this action that plaintiff has no standing to challenge the levy and seizure on this ground. 26 U.S.C. § 7426(a)(1). Consequently, these allegations are dismissed on this ground.

The First Amended Complaint further alleges that the seizure of the Ford Ranger pickup was unlawful because the pickup is exempt from levy pursuant to 26 U.S.C. § 6334(a)(3) and that the levy of plaintiff's paycheck is unlawful apparently because the levy exceeds the amounts exempted from levy in Section 6334(d). The United States does not request dismissal or summary judgment in connection with these allegations.

### E. *Illegal Disclosure.*

The First Amended Complaint alleges at paragraphs 48–53 that defendant Pope was contacted by Bruce A. Hollett on July 29, 1988, that during that conversation Pope disclosed certain personal information to Hollett, which disclosure plaintiff had

not authorized, thereby violating 26 U.S.C. § 6103 and plaintiff's right to privacy. Attached as Exhibit A–4 to the Amended Complaint is a copy of a letter dated July 31, 1988 from Bruce Hollett to John Hollett. Attached to plaintiff's opposition to this motion is a declaration by Bruce Hollett. In essence these documents state that while Bruce Hollett was discussing with Pope the circumstances surrounding the seizure of one of the vehicles, Pope told Bruce Hollett that John Hollett had made $50,000.00 in 1983 and $30,000.00 in 1984. By declaration attached to defendants' reply brief, defendant Pope avers that she contacted Bruce Hollett on July 27, 1988 and that "[t]o the best of my recollection, at no time did I discuss with Mr. Hollett the amount of money his brother had earned in 1983 and 1984."

Defendants concede that summary judgment cannot be granted on the issue whether the disclosure alleged was in fact made. Nonetheless, defendants argue that even if the disclosure complained of was made by Pope they are entitled to summary judgment because "disclosures of this nature and in this context are permitted" by Section 6103(k)(2). Section 6103(k)(2) provides:

> If a notice of lien has been filed pursuant to section 6323(f), the amount of the outstanding obligation secured by such lien may be disclosed to any person who furnishes satisfactory written evidence that he has a right in the property subject to such lien or intends to obtain a right in such property.

---

**3.** At oral argument defendants filed under seal a copy of Certificate of Assessments and Payments (Form 4340) covering plaintiff's income tax for the period ended December 31, 1983. The relevance of this document to this action is not clear to the court. In his supplemental brief plaintiff argues that the Certificate of Assessments and Payments is deficient because the authority to sign the certificate has not been delegated to the person signing it, the certificate was not in existence at the time the levy and seizure occurred, the certificate does not indicate that 23 C forms were filed andd recorded, and there are no supporting documents for the certificate as required by Section 6203. In addition plaintiff contends that he was never given notice of the assessment and demand was never made for payment as required by Section

6303(a). Plaintiff further argues that defendants failed to give public notice of sale of the Ford pickup truck and failed to give notice of sale within thirty days of the notice of seizure. None of these contentions are alleged in the First Amended Complaint. While plaintiff has requested and been granted leave to file a Second Amended Complaint to allege subject matter jurisdiction pursuant to 28 U.S.C. §§ 1340 and 2410, he has not requested leave to amend to set forth as allegations the arguments from his brief set forth herein. However, because Rule 15(a), Federal Rules of Civil Procedure, provides that leave to amend should be freely granted, the court will allow plaintiff to so amend. In so allowing, the court is expressing no opinion as to the validity of plaintiff's contentions.

The court cannot agree with defendants. The statements concerning the amounts of plaintiff's income, if made, appear to go beyond the scope of disclosure allowed by Section 6103(k)(2).

At oral argument defendants further argued that the alleged disclosure was permissible pursuant to Section 6103(k)(6). Section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

However, once again, the alleged disclosure does not appear to come within the scope of this exclusion. Consequently, summary judgment on these grounds is denied.

F. *Fictitious Defendants.*

Defendants further move and correctly so for dismissal of the fictitious defendants. *Craig v. United States,* 413 F.2d 854 (9th Cir.1969).

ACCORDINGLY, IT IS ORDERED that defendants' Motion to Dismiss or For Summary Judgment is granted in part and denied in part as set forth herein. Plaintiff shall file a Second Amended Complaint in accordance herewith within thirty (30) days of the filing date of this Decision and Orders.[4]

---

4. Because this action will continue, the court denies without prejudice defendants' motion for attorney's fees.