576 F.2d 852
 78-1 USTC P 9462
 UNITED STATES of America and B. Jack Henry, Special Agent,
Internal Revenue Service, Petitioners-Appellees,
v.
FIRST NATIONAL BANK OF RUSH SPRINGS and Raymond H. Rust,
President, Respondents,
Dwight E. Baker, Intervenor-Appellant,
Linda S. Baker, Intervenor.
 No. 78-1023.
 United States Court of Appeals,
Tenth Circuit.
 Submitted on Memoranda April 17, 1978.
Decided May 16, 1978.
 
 Phillip H. Leonard, Duncan, Okl., filed a memorandum opposing summary action on behalf of intervenor-appellant.
 M. Carr Ferguson, Dept. of Justice, Washington, D. C., filed memorandum supporting summary action on behalf of petitioners-appellees.
 Before LEWIS, BARRETT, and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants Dwight E. and Linda S. Baker have appealed an order entered by a United States Magistrate for the United States District Court for the Western District of Oklahoma. The order grants enforcement of an Internal Revenue Service (IRS) summons directing respondent bank to turn over certain documents and records to IRS agents for the purpose of ascertaining any federal tax liability appellants may have incurred. The government filed a motion to dismiss for lack of jurisdiction, contending that the order appealed from is not final under 28 U.S.C. § 1291 and that accordingly this court is without jurisdiction. We agree.
 
 
 2
 Appellants assert as the basis for their claim of finality several propositions. First they claim that Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964) held that orders entered in proceedings under 26 U.S.C. § 7604(b), before either a United States District Judge or a United States Commissioner (since replaced by United States Magistrates), are appealable directly to the court of appeals.
 
 
 3
 In Reisman, supra, the Supreme Court held that a person challenging an IRS summons is entitled to an adversarial proceeding affording a judicial determination of the challenges to the summons. Reisman, supra, 375 U.S. at 446, 84 S.Ct. 508. The Court indicated that such proceedings could be held before either a judge or a commissioner and that such orders are appealable. Id. at 449, 84 S.Ct. 508. The case does not state that the order of a commissioner may be appealed directly to a court of appeals.
 
 
 4
 Two circuits have held that magistrates' orders enforcing IRS summonses must be appealed first to the district court. United States v. Cline, 566 F.2d 1220 (5th Cir. 1978); United States v. Haley, 541 F.2d 678 (8th Cir. 1974); Swanson and Youngsdale, Inc. v. Seagrave Corp., 561 F.2d 171 (8th Cir. 1977). Appellant claims that these cases have misstated the law. We disagree.
 
 
 5
 The purpose of the Federal Magistrates Act, 28 U.S.C. § 631, et seq. was to provide a method to relieve judges of some of their non-Article III functions. TPO, Inc. v. McMillen, 460 F.2d 348 (7th Cir. 1972). It is clear that district court judges were intended to retain ultimate decision-making power and continuing jurisdiction over the actions of magistrates. See Keller v. Matthews, 543 F.2d 624 (8th Cir. 1976); Bruno v. Hamilton, 521 F.2d 114 (8th Cir. 1975); O'Shea v. United States, 491 F.2d 774 (1st Cir. 1974); Campbell v. United States District Court for the Northern District of California, 501 F.2d 196 (9th Cir. 1974).
 
 
 6
 The Supreme Court, in holding that the assigning of social security benefit cases to United States Magistrates for review of the Secretary's findings and for the preparation of findings of fact and conclusions of law is proper under the Act, states that:
 
 
 7
 The Act's sponsors made it quite clear that the magistrate acts 'under the supervision of the district judges' when he accepts a referral, and that authority for making final decisions remains at all times with the district judge. . . . 'A district judge would retain ultimate responsibility for decision making in every instance in which a magistrate might exercise additional duties jurisdiction.' (citations omitted).
 
 
 8
 Mathews v. Weber, 423 U.S. 261, 270, 96 S.Ct. 549, 554, 46 L.Ed.2d 483.
 
 
 9
 Finally, appellant claims that there exists no right of appeal to the district judge from the magistrate's order. To the contrary, the local rules of court for the Western District of Oklahoma specifically provide that "any party may appeal from the magistrate's determination made under this Rule within ten (10) days after the issuance of the magistrate's order, unless a different time is prescribed by the magistrate or a judge." Local Rule 31(1)(h). Appellant's attempt to distinguish this section from § 2 by contending that it is Rule 31(2)(m) which authorizes the magistrate to enter IRS enforcement orders is not well taken. Section 2 simply delineates additional duties and functions of the Oklahoma City magistrate; Section 1(h) provides for all appeals under the rule from actions of magistrates.
 
 
 10
 Under 28 U.S.C. § 1291 the court of appeals is granted jurisdiction to entertain appeals from final orders. The order of the magistrate in this case could be entertained only by the district court on appeal.
 
 
 11
 The appeal is dismissed for lack of jurisdiction.