**UNITED STATES of America and Gene E. Turley, Special Agent, Internal Revenue Service, Petitioners-Appellees,**

v.

**Stephen JONES, Respondent-Appellant,**

**G. Maurene Townsend, Intervenor-Appellant.**

**No. 78–1287.**

United States Court of Appeals, Tenth Circuit.

Submitted on Briefs July 17, 1978.

Decided Aug. 11, 1978.

Stephen Jones, Enid, Okl., filed memorandum opposing summary dismissal on behalf of appellant Jones.

M. Carr Ferguson, Gilbert E. Andrews, Charles E. Brookhart, and William A. Whitledge, Tax Div., Dept. of Justice, Washington, D. C., filed motion to dismiss on behalf of appellees.

Before LEWIS, BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

This controversy began when the government petitioned the district court under 26 U.S.C. §§ 7402(b)[1] and 7604(a) for judicial enforcement of an administrative summons issued by the Internal Revenue Service. The summons in question had been directed to an attorney [a third-party recordkeeper under 26 U.S.C. § 7609(a)(3)(E)] and sought information regarding his financial arrangements with a certain client who was the target of the IRS investigation.

Upon the filing of the government's petition for enforcement, Judge Chandler directed the entry of an order designating Charles R. Jones, a full-time United States Magistrate, ". . . to hear and determine all matters herein" in accordance with the local rules of the district court. A show cause order was promptly issued and the matter set for hearing. The respondent-attorney answered the government's petition and, in addition, the taxpayer sought to intervene in the enforcement proceedings as a matter of right under 26 U.S.C. § 7609(b)(1). The taxpayer's motion to in-

1. Through apparent inadvertence the government indicated in its initial pleading that the enforcement action was brought pursuant to 26 U.S.C. §§ 7402(d) and 7604(a). Section 7402(d) has no relevance in summons enforcement matters and the parties agree that the case arose under § 7402(b).

tervene was granted and the case proceeded to a full-dress hearing before the magistrate. Evidence was offered both in support of and in opposition to enforcement. At the conclusion of the hearing, the magistrate found that aside from the claim by respondent and intervenor of an attorney-client privilege, the government had made a sufficient showing for enforcement of the summons. Following the submission of briefs on the issue of privilege, the magistrate, by memorandum opinion, rejected that claim and directed the government to prepare an appropriate order. Subsequently, an order purporting to compel compliance with the summons was signed by the magistrate, filed and entered on the district court's judgment docket. No further orders of any type were entered in the district court. This appeal is taken by respondent and intervenor from the magistrate's enforcement order.

By appropriate motion, the government seeks dismissal of this and other related appeals for lack of appellate jurisdiction. In support of its motion, the government relies on our recent decision in *United States v. First National Bank of Rush Springs*, 576 F.2d 852 (10th Cir. filed May 16, 1978) in which we held that courts of appeal have no jurisdiction to review, directly, an order of a United States Magistrate enforcing an IRS summons and that review of such an order must, in the first instance, be sought in the district court. Appellants strenuously resist the motion to dismiss.

The jurisdictional problem presented by this appeal is cut from the same fabric as the issue which confronted us in *First National Bank of Rush Springs*. In these cases, our attention focuses on not so much the role of the magistrate in the conduct of proceedings under §§ 7402(b) and 7604(a), but rather the effect of a magistrate's enforcement order and our authority under 28 U.S.C. § 1291 to review it. To resolve these questions, we look to the relevant decisions of the Supreme Court and this court, as

well as, the Federal Magistrate's Act (28 U.S.C. § 631 *et seq.*), the summons enforcement statutes and the district court's local rules.

When the government sought enforcement of the IRS summons, it invoked the jurisdiction of the *district court* under §§ 7402(b) and 7604(a). There is no indication that the petition for enforcement was presented directly to the magistrate. Rather, the magistrate's role was predicated solely on Judge Chandler's order under § 636(b)(3) designating him to conduct such further proceedings as were authorized by Rule 31 of the district court's local rules.[2]

In pertinent part, Rule 31(3) states: ". . . a magistrate may perform the duties authorized by 28 U.S.C. § 636(b) and Rule 31(1), (g) through (n) and Rule 31(2), supra, *upon specific designation by a judge of the court or* pursuant to a general order of the court . . . In performing such duties the magistrate shall conform to the general procedural rules of this court and *the instructions of the judge to whom the case is assigned.*" (emphasis supplied). Rule 31(2)(m) authorizes a magistrate presiding in Oklahoma City to: "Issue an attachment or order to enforce obedience to an Internal Revenue Service Summons to produce records or to give testimony. 26 U.S.C. § 7604(b)". These sections, when read together, give more than ample indication that a magistrate in the Western District of Oklahoma has authority to conduct certain types of proceedings only on the "specific designation of a judge" and that the judge retains continuing and overall responsibility for the case.

Under the Federal Magistrate's Act, a district court may designate a magistrate to perform certain specific duties and: ". . . such additional duties as are not inconsistent with the Constitution and laws of the United States." The Supreme Court has made it clear that a magistrate exercising "additional duties" jurisdiction is continually subject to the inherent supervisory power of the district judge and that the

---

**2.** The rules established by the district court, pursuant to § 636(b)(4), under which magistrates discharge their duties are set out in the appendix.

judge retains the ". . . ultimate responsibility for decision making in every instance . . .". *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). From the record, it appears that Judge Chandler's order of designation merely sent the enforcement matter to the magistrate for a limited purpose. Even under the most expansive reading, the judge's order and the local rules cited therein will not support a claim that the district court's Article III decisional power had been delegated to the magistrate. In any event, it is doubtful under *Mathews* whether such would be possible.

Appellants argue that this court should accept jurisdiction because they have no right of review in the district court. This contention is meritless and we reject it. The district court's rules clearly and expressly provide that: "Any party may appeal from a magistrate's determination made under this Rule within ten (10) days after issuance of the magistrate's order . . .". Rule 31(1)(h). *See also*, Rule 31(1)(j). The provisions for review of a magistrate's determination which are embodied in the district court's local rules follow closely the appeal procedure set out in § 636(b)(1). In sum, we conclude that appellate-type review of "any portion" of the magistrate's order was available to appellants in the district court and, for reasons unknown, they apparently elected to bypass it.

The question remains: Of what effect is the magistrate's order and how may it eventually be brought to this court for review? Notwithstanding appellants' failure to seek review in the district court, the magistrate's order is probably inchoate under provisions of the district court's rules and *Mathews* without the express approval and order of a judge. In relevant part Rule 31(1)(*l*) provides: ". . . if there are no objections . . . within the time provided by this rule the findings and recommendations of the magistrate *shall become final and binding as to all parties upon the approval and order of the judge to whom the case is assigned.*" (emphasis supplied). Similarly, Rule 31(1)(n) states: ". . . . The entry of final judgment in *any civil case* . . . shall be made by a judge . . . or at the direction of a judge." (emphasis supplied). These sections of Rule 31, in our view, simply restate the *Mathews* requirement that the final decision "in every instance" be made by an Article III judge. The appealability of the judge's order is, of course, governed by 28 U.S.C. § 1291 and Rule 4(a), F.R.A.P.

The appeal is dismissed for lack of a final judgment in accord with the views expressed in *First National Bank of Rush Springs*.

## APPENDIX

## RULE 31

## UNITED STATES MAGISTRATES

1. Each United States Magistrate appointed by this Court is authorized to perform the duites * prescribed by 28 U.S.C. § 636(a), and may also:

(a) Exercise all the powers and duties conferred or imposed upon United States commissioners by law or the Federal Rules of Criminal Procedure;

(b) Administer oaths and affirmations, impose conditions of release under 18 U.S.C. § 3146, and take acknowledgements, affidavits and depositions;

(c) Try persons accused of minor offenses committed within this district in accordance with 18 U.S.C. § 3401, order a presentence investigation report on any such person who is convicted or pleads guilty or nolo contendere, and sentence such persons;

(d) Conduct removal proceedings and issue warrants of removal in accordance with Rule 40, Federal Rules of Criminal Procedure;

(e) Conduct extradition proceedings, in accordance with 18 U.S.C. § 3184; and

* duties

(f) Supervise proceedings conducted pursuant to letters rogatory, in accordance with 28 U.S.C. § 1782.

(g) In accordance with 28 U.S.C. § 636(b)(1)(A), any magistrate who presides in Oklahoma City may hear and determine any pretrial motion or other pretrial matter, other than those motions specified in subparagraphs (i), (j), (k) and (*l*), infra.

(h) Any party may appeal from a magistrate's determination made under this Rule within ten (10) days after issuance of the magistrate's order, unless a different time is prescribed by the magistrate or a judge. Such party shall file with the Clerk of the Court, and serve on all parties, a written notice of appeal which shall specifically designate the order or part thereof appealed from and the basis for objection thereto. A judge of the Court shall consider the appeal and set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law. The judge may also reconsider any matter sua sponte.

(i) In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), a magistrate who presides in Oklahoma City may hear, conduct such evidentiary hearings as are necessary or appropriate, and submit to a judge proposed findings of fact and recommendations for the disposition of: (A) applications for post-trial relief made by individuals convicted of criminal offenses; (B) prisoner petitions challenging conditions of confinement; and (C) motions for injunctive relief (including temporary restraining orders and preliminary injunctions), for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by a defendant, to suppress evidence in a criminal case, to dismiss or permit the maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, to involuntarily dismiss an action, for judicial review of administrative determinations, and for review of default judgments;

(j) Any party may object to the magistrate's proposed findings, recommendations or report issued under this rule within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection. Such party shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which objection is made. A judge shall make a de novo determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge, however, need not normally conduct a new hearing and may consider the record developed before the magistrate, making his own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate with instructions.

(k) A magistrate may exercise the powers enumerated in Rules 5, 8, 9, and 10 of the Rules Governing Section 2254 and Section 2255 Proceedings, in accordance with the standards and criteria established in 28 U.S.C. § 636(b)(1).

(*l*) Failure by a party to file written objections to the proposed findings and recommendations of the magistrate within 10 days as above provided shall constitute a waiver thereof and if there are no objections by any party within the time provided by this rule the findings and recommendations of the magistrate shall become final and binding as to all parties upon approval and order of the judge to whom the case is assigned.

(m) A magistrate presiding in Oklahoma City may serve as a special master subject to the procedures and limitations of 28 U.S.C. § 636(b)(2) and Rule 53 of the Federal Rules of Civil Procedure.

(n) Where the parties consent, a magistrate may serve as a special master in any civil case without regard to the provisions of Rule 53(b) of the Federal Rules of Civil Procedure and try the issues of any civil case. The entry of final judgment in any civil case, however, shall be made by a judge of the Court or at the direction of a judge.

2. A magistrate presiding in Oklahoma City is also authorized to:

(a) Exercise general supervision of the civil and criminal calendars of the court, conduct calendar and status calls, and determine motions to expedite or postpone the trial of cases for the judges;

(b) Conduct pretrial conferences, settlement conferences, omnibus hearings, and related pretrial proceedings;

(c) Conduct arraignments in cases not triable by the magistrate to the extent of taking a not guilty plea or noting a defendant's intention to plead guilty or nolo contendere and ordering a presentence report in appropriate cases;

(d) Receive grand jury returns in accordance with Rule 6(f) of the Federal Rules of Criminal Procedure;

(e) Conduct voir dire and select petit juries for the court;

(f) Accept petit jury verdicts in civil cases in the absence of a judge;

(g) Conduct necessary proceedings leading to the potential revocation of probation;

(h) Issue subpoenas, writs of habeas corpus ad testificandum or habeas corpus ad prosequendum, or other orders necessary to obtain the presence of parties or witnesses or evidence needed for court proceedings;

(i) Order the exoneration or forfeiture of bonds;

(j) Conduct proceedings for the collection of civil penalties of not more than $200 assessed under the Federal Boat Safety Act of 1971, in accordance with 46 U.S.C. § 1484(d);

(k) Conduct examination of judgment debtors, in accordance with Rule 69 of the Federal Rules of Civil Procedure and enter necessary orders in aid of the judgment or execution;

(*l*) Review petitions in civil commitment proceedings under Title III of the Narcotic Addict Rehabilitation Act;

(m) Issue an attachment or order to enforce obedience to an Internal Revenue Service Summons to produce records or to give testimony. 26 U.S.C. § 7604(b);

(n) Perform any additional duty as is not inconsistent with the Constitution and laws of the United States.

3. The magistrate shall perform the duties authorized by 28 U.S.C. § 636(b) and Rule 31(1), (g) through (n) and Rule 31(2), supra, as to all applications for post-trial relief made by individuals convicted of criminal offenses and prisoner petitions challenging conditions of confinement. In other cases a magistrate may perform the duties authorized by 28 U.S.C. § 636(b) and Rule 31(1), (g) through (n) and Rule 31(2), supra, upon specific designation by a judge of the court or pursuant to a general order of the court assigned duties.** In performing such duties the magistrate shall conform to the general procedural rules of this court and the instructions of the judge to whom the case is assigned.

** Possibly "assigning duties".