UNITED STATES of America and Robert F. Kelso, Jr., Special Agent, Internal Revenue Service, Petitioners-Appellees,

v.

SOUTHERN TANKS, INC., and Billy D. Murray, President, Respondents-Appellants.

No. 79–2214.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 14, 1980.

Decided March 21, 1980.

Rehearing Denied April 28, 1980.

William A. Whitledge, Atty., Tax Div., Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Donald B. Susswein, Attys., Tax Div., Dept. of Justice, Washington, D. C.; Larry Patton, U. S. Atty., Oklahoma City, Okl., of counsel), for petitioners-appellees.

John C. Moran, Oklahoma City, Okl., for respondents-appellants.

Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the district court which adopted and approved an order of the United States Magistrate enforcing an Internal Revenue Service (IRS) summons. A brief factual recitation will help to put the issues in perspective.

In late 1977, Revenue Agent DeShazo of the IRS was conducting an audit of Southern Tanks' income tax liability for certain fiscal years. Subsequently, DeShazo extended his inquiry to the income tax liability of Billy D. Murray, who is president of Southern Tanks. Approximately one year later, the case was referred to Special Agent Kelso for the purpose of conducting an investigation of possible criminal violations of the tax laws. At the time of the referral, DeShazo had not yet completed his audit as to either taxpayer for the tax year of 1976. During the course of his examination of Murray's individual tax liability, Kelso issued an administrative summons to Murray in his representative capacity as president of Southern Tanks and to Southern Tanks, Inc. The summons, as we understand, sought production of various business and financial records of the corporation. When the summons went unheeded, the underlying action for judicial enforcement was commenced.

Immediately upon the filing of the petition for enforcement, the district court, by a pro forma minute order, referred the matter to the United States Magistrate with instructions "to hear and determine all matters." At the evidentiary hearing before the magistrate, the IRS established that it had met the prerequisites for enforcement. The magistrate filed a report consisting of extensive findings of fact, conclusions of law and an order directing the respondents to comply with the summons. That order was, however, expressly "subject to the approval and final judgment of the United States District Judge."

Respondents promptly sought review of the magistrate's tentative action. After briefing and oral argument, the district court indicated its concurrence with the magistrate's determination and directed the entry of a final judgment in accordance with it. This appeal followed.

The pivotal question raised here by appellants concerns the district court's order referring the matter to the United States Magistrate for preliminary proceedings. Appellants argue that because the district court had no authority to make the order of reference, all acts of the magistrate were *ultra vires*. Continuing, they insist that even if the order of reference was correct, they were denied due process of law because the district judge did not consider the matter "de novo" prior to the entry of the final judgment. Both arguments are meritless and are rejected.

█ Under the Federal Magistrate's Act, a district court may designate a magistrate to perform enumerated duties and "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3); *United States v. Jones*, 581 F.2d 816 (10th Cir. 1978). Magistrates exercising their "additional duties" jurisdiction pursuant to a district court's designation are nevertheless continuously subject to the inherent supervisory control of the district judge who retains ultimate decisional responsibility in every case. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). In accordance with 28 U.S.C. § 636(b)(4), the United States District Court for the Western District of Oklahoma has established rules under which magistrates in that district discharge their assigned duties. These rules are collectively known as Rule 31 of the district court's local rules and are set out in full as an appendix to our opinion in *United States v. Jones, supra.*

█ The major thrust of appellants' argument, as we understand it, seems to be directed at what they claim is a shortcoming in the district court's local rules. They insist that the district court's local rules nowhere authorize the magistrate to conduct summons enforcement proceedings.

Ostensibly, the order of reference in this case was made pursuant to § 2(m) of Rule 31 which authorizes a magistrate to "Issue

an attachment or order to enforce obedience to an Internal Revenue Service Summons to produce records or give testimony. 26 U.S.C. § 7604(b)." Appellants say, and probably correctly, that the underlying enforcement action in this case was not commenced under § 7604(b), but under either 26 U.S.C. § 7402(b) or 7604(a). Under appellants' theory, the absence of an explicit reference in the district court's local rules to enforcement proceedings under §§ 7402(b) and 7604(a) precludes a district judge from referring such matters to a magistrate for preliminary proceedings.

The interpretation of § 2(m) of Rule 31 offered by appellants is unreasonably narrow. We think it sufficiently clear, from even a casual reading, that the district court, in its local rules, fully intended to authorize magistrates to conduct whatever portions of IRS summons enforcement proceedings they could properly undertake. In any event, the district court's order of reference was definitely within the scope of the omnibus section (§ 2[n]) of Rule 31 which authorizes magistrates to perform any additional duty which is not inconsistent with the Constitution and the laws of the United States. While the form of the underlying proceedings may have certain similarity to past practices in the Western District of Oklahoma, the substance of these proceedings was well within permissible constitutional and statutory boundaries. *See United States v. First National Bank of Rush Springs*, 576 F.2d 852 (10th Cir. 1978); *United States v. Jones, supra.*

■ Continuing in the same general area, appellants claim that they were denied due process because the district judge failed to make a de novo determination prior to the entry of final judgment. The claim is frivolous. There is no indication that appellants ever objected either to the order of reference or to the level of review given by the district judge following the filing of the magistrate's proposed disposition. Also, it appears that the only issues presented by appellants during the hearing before Judge Eubanks were of a technical, legal type. That kind of issue certainly is amenable to

disposition by appellate type briefing and argument. The transcripts of the evidentiary portions of the proceedings were available to the district judge and there was no need to redevelop any facts. *See United States v. Miller*, 609 F.2d 336 (8th Cir. 1979).

During the course of the evidentiary proceeding, appellants repeatedly attempted to ascertain the level of the Revenue Agent's audit activity immediately prior to the referral of the case to the Special Agent for purposes of the criminal investigation. It was appellants' contention that the IRS had abandoned any civil tax determination purpose and was then pursuing a purely criminal investigation in the guise of a civil proceeding. In an effort to make their point, appellants demanded production of the Revenue Agent's time sheets. The request was denied by the magistrate and that denial subsequently upheld by the district judge.

■ As a general rule, discovery is available in summons enforcement proceedings only in extraordinary situations. *United States v. Fensterwald*, 180 U.S.App.D.C. 86, 553 F.2d 231 (D.C.Cir.1977); *United States v. Wright Motor Co.*, 536 F.2d 1090 (5th Cir. 1976). Some courts have permitted very limited discovery in order to examine an agency's institutional posture with respect to possible criminal proceedings. *See United States v. Genser*, 582 F.2d 292 (3rd Cir. 1978) and 595 F.2d 146 (3rd Cir. 1979); *United States v. Marine Midland Bank*, 585 F.2d 36 (2nd Cir. 1978). Here however, we think the record furnishes ample indication of the ongoing civil tax determination purpose. Also, petitioners firmly denied that there had been a recommendation for prosecution made to the Department of Justice or that there was any intention to do so. This is sufficient to meet the tests of *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978) and *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

Appellants also complain that the summons was vague and overbroad. On the basis of the record before us, which inci-

dently does not contain the challenged summons, but only a witness' description of it, we cannot say that the summons was either vague or overbroad.

We have examined appellants' remaining contentions and they have no merit. The government made a *prima facie* showing that the necessary prerequisites for enforcement had been met. *United States v. MacKay*, 608 F.2d 830 (10th Cir. 1979); *United States v. Income Realty and Mortgage, Inc.*, 612 F.2d 1224 (10th Cir. 1979).

In sum, the district court properly directed enforcement of the summons.

AFFIRMED.