968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bill MILLINER, Plaintiff-Appellant,
v.
Ron CHAMPION; Gary D. Maynard, Warden; Members of the
Oklahoma Board of Corrections; Gary A. Parsons, Deputy
Director; David C. Miller; Delores Ramsey; and Members of
the Board of Directors for Canteen Services, Defendants-Appellees.
 No. 91-5159.
 United States Court of Appeals, Tenth Circuit.
 June 23, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Bill Milliner has filed a notice of appeal from an order of the magistrate judge denying his Motion for Temporary Restraining Order And/Or Preliminary Injunction. Because this court lacks jurisdiction to entertain an appeal of this nonfinal order, we dismiss.
 
 
 3
 Milliner filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting several claims, all related to his confinement at the Dick Conner Correctional Center in Oklahoma. The district court referred the case to a magistrate judge for consideration. While the case was pending before the magistrate judge, Milliner filed his Motion for Temporary Restraining Order And/Or Preliminary Injunction. The magistrate judge entered an order purporting to deny the motion. Milliner appealed that denial directly to this court.
 
 
 4
 Motions for injunctive relief may not be referred to the magistrate judge for final disposition. See 28 U.S.C. § 636(b)(1)(A). The authority the magistrate judge had to consider the motion for a temporary restraining order or injunction was "continually subject to the inherent supervisory power of the district judge and ... the judge retains the 'ultimate responsibility for decision making in every instance.' " United States v. Jones, 581 F.2d 816, 817-18 (10th Cir.1978) (quoting Mathews v. Weber, 423 U.S. 261, 270 (1976)). Thus, a party aggrieved by such a decision must file objections and seek de novo review from the district court judge. The magistrate judge's decision is merely a recommendation. Therefore, the order Milliner seeks to appeal is not final. This court does not have jurisdiction to entertain this appeal. Consequently, the appeal is DISMISSED for lack of appellate jurisdiction.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3