60 F.3d 837
 76 A.F.T.R.2d 95-5909
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America and Kirk Allinger, Revenue Agent,
Internal Revenue Service, Plaintiffs-Appellees,
v.
Michael L. LINDSAY, Defendant-Appellant.
 No. 94-3367.
 United States Court of Appeals, Tenth Circuit.
 July 11, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered sub-mitted without oral argument.
 
 
 2
 Defendant Michael L. Lindsay appeals from the magistrate judge's order enforcing an Internal Revenue Service summons seeking information from defendant for the tax years 1991 and 1992. Because the magistrate judge's order enforcing the summons was not a final, appealable order under 28 U.S.C. 1291, this court must dismiss this appeal for lack of appellate jurisdiction. United States v. Jones, 581 F.2d 816, 817-18 (10th Cir.1978); United States v. First Nat'l Bank, 576 F.2d 852, 853 (10th Cir.1978).
 
 
 3
 The district court referred the IRS's petition to enforce its summons against defendant to a magistrate judge. Although the district court did not specify the authority under which it did so, it appears that the district court made this designation under 28 U.S.C. 636(b)(1) or (3). Subsection (1) permits a magistrate judge to hear most pretrial matters, and subsection (3) gives the district court the authority to assign a magistrate judge "additional duties as are not inconsistent with the Constitution and laws of the United States." See also D. Kan. R. 601(i)(17) (pursuant to 636(b)(3), magistrate judges authorized to perform any additional duty not inconsistent with Constitution and laws of United States). Under either subsection of 636(b), however, the magistrate judge does not possess authority to enter a final, appealable order; rather, the magistrate judge remains continually subject to the supervisory authority of the district court judge, who retains the ultimate authority to make a final decision in every instance. Jones, 581 F.2d at 817-18 (citing Mathews v. Weber, 423 U.S. 261, 270 (1976)); see also Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir.1989). The magistrate judge's order enforcing the summons was essentially an interlocutory discovery order.
 
 
 4
 Defendant's recourse from the magistrate judge's order enforcing the IRS summons was to seek relief from the district court. See Jones, 581 F.2d at 818. Defendant's appeal to this court immediately from the magistrate judge's decision, therefore, precludes this court's review of the merits of defendant's appeal.
 
 
 5
 APPEAL DISMISSED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470