Jeanette A. STRONG, et al., Petitioners,

v.

UNITED STATES of America, Respondent.

No. C–98–3656 CW.

United States District Court, N.D. California.

June 22, 1999.

ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND
RECOMMENDATION

WILKEN, District Judge.

The Court has received Magistrate Judge Laporte's Report and Recommendation filed May 13, 1999. No objections to the report were filed. The Court has reviewed the Report and Recommendation *de novo* and finds the Report correct, well-reasoned and thorough, and adopts it in every respect. Accordingly,

IT IS HEREBY ORDERED that Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction is Granted. The above-captioned action is DISMISSED WITH PREJUDICE.

REPORT AND RECOMMENDATION

LAPORTE, United States Magistrate Judge.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 1998, Petitioners Robert and Jeanette Strong filed a "complaint," or petition to quash the Internal Revenue Service (IRS) summonses issued directly to them. (Docket # 1, hereinafter "petition to quash"). The case was originally assigned to Magistrate Judge Phyllis J. Hamilton. Respondent United States refused to consent to the jurisdiction of a magistrate judge, however, and the case was reassigned to District Judge Claudia Wilken on November 4, 1998. On December 2, 1998, Judge Wilken referred the petition to quash to a magistrate judge pursuant to Civil Local Rule 72–1, which authorizes magistrate judges to exercise the full extent of the powers conferred upon them by 28 U.S.C. § 636. *See* Order of Referral to Magistrate Judge (Docket # 7).

On December 17, 1998, Petitioners filed a composite pleading consisting of three separate petitions to quash third-party summonses issued by the IRS to U.S. Bank, American Express and Citibank. (Docket # 10) On December 22, 1998, Respondent United States moved to dismiss the original petition to quash for lack of subject matter jurisdiction. (Docket # 9)

In its motion to dismiss, Respondent also argued in a footnote that the three petitions to quash the third-party summonses were not properly before the Court. On January 28, 1999, Respondent wrote to Petitioners reiterating its argument that the petitions to quash third-party summonses "should have been filed separately, not as additional pleadings" and explaining in detail the steps that Petitioners needed to take with respect to those pleadings. *See* Respondent's Supplemental Statement and exhibits thereto (Docket # 16).

On January 26, 1999, Judge Wilken referred the United States' motion to dismiss for lack of subject matter jurisdiction to the undersigned, directing this Court to "determine whether [its] decision must be in the form of proposed findings of fact and recommendation for disposition." *See* Order of Referral (Docket # 13). Finally, although the District Court did not expressly refer the three petitions to quash the third-party summonses (which were not docketed separately because they were filed as one document), this Court has undertaken to review those petitions as they are inextricably intertwined with the original petition to quash and the motion to dismiss.

The petition to quash and motion to dismiss were set for hearing on February 2, 1999. As Petitioners filed an ex parte request for a continuance because Mr. Strong had suffered a stroke, this Court continued the hearing until April 20, 1999. Nonetheless, Petitioners failed to appear or request a further continuance. Thomas F. Carlucci represented Respondent. After hearing on this matter, the Court ordered Respondent to submit a supplemental brief. Upon consideration of the argument of counsel, the papers filed in support of and in opposition to the petitions to quash and motion to dismiss and the entire record in this case, the Court

enters the following report and recommendation.

## ANALYSIS

### I. *Magistrate Judge's Jurisdiction to Determine Administrative Enforcement Proceedings*

■ The petition to quash and the motion to dismiss are inextricably interrelated. Therefore, this Court will determine the scope of its own jurisdiction to conduct all enforcement proceedings, including the petitions to quash and the motion to dismiss, absent consent.

The Federal Magistrates Act, 28 U.S.C. § 631 et seq. (the "Magistrates Act"), establishes the scope of a magistrate judge's authority. Under § 636 of the Magistrates Act, the District Court may refer three types of matters to a magistrate judge without the consent of the parties. First, the court may refer "any pretrial matter," except for eight enumerated dispositive motions, for final determination. *See* 28 U.S.C. § 636(b)(1)(A).[1] Second, the court may refer any of the excepted dispositive motions enumerated in subparagraph (A), as well as certain applications for post-trial relief, for evidentiary hearings and/or report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). Third, the court may "assign additional duties not inconsistent with the Constitution and laws of the United States." *See* 28 U.S.C. § 636(b)(3).

Here, the Court is presented with petitions to quash IRS summonses issued to taxpayers and to third parties as well as a motion to dismiss for lack of jurisdiction. Although the District Court did not expressly state upon which subsection(s) of the Magistrates Act the referrals were based, this Court assumes that the District Court referred these matters pursuant to

---

**1.** The eight excepted motions are: "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash indictment or information made by the defendant, to suppress evidence in a crim-inal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss the action." *See* 28 U.S.C. § 636(b)(1)(A).

the "additional duties" provision of § 636(b)(3). While the Ninth Circuit has not directly addressed the issue, several circuits have held that regardless of whether enforcement proceedings are referred under § 636(b)(1)(B) (specifying a report and recommendation) or § 636(b)(3) (authorizing referral of "additional duties"), the parties are entitled to *de novo* review by the district court.

For example, in *United States v. Mueller*, 930 F.2d 10 (8th Cir.1991), the Eighth Circuit addressed the issue when the IRS filed a petition to enforce a taxpayer summons issued pursuant to § 7602 of the Internal Revenue Code. *See* 26 U.S.C. § 7602. The district court issued a show cause order and then referred the matter to a magistrate judge pursuant to § 636(b), without specifying any subsection. *See id.* at 11. The magistrate judge conducted an evidentiary hearing and issued an order enforcing the summons. *See id.* The taxpayer filed objections with the district court. *See id.* The district court treated the magistrate judge's order as a proposed order, reviewed it *de novo*, and granted the petition for enforcement. *See id.* at 11–12.

On appeal, the Eighth Circuit determined that the magistrate judge should have issued a report and recommendation. *See id.* at 12. The appellate court affirmed the district court, however, because the magistrate judge's order, which was reviewed *de novo*, was the "functional equivalent" of a report and recommendation. *See id.* at 12 (citing *United States v. First Nat'l. Bank*, 628 F.2d 871, 873 (5th Cir. 1980)); *see also Aluminum Co. of America v. United States Envtl. Protection Agency*, 663 F.2d 499, 501–02 (4th Cir.1981) (where record was devoid of authority relied on by district court in referral and parties did not consent, "the judge had to refer the motion [to quash administrative search warrant] under § 636(b)(1)(B) or § 636(b)(3)" because it was a dispositive matter setting forth all relief requested, not a pretrial matter).

The Tenth Circuit addressed the correct standard of review for enforcement proceedings that are referred under § 636(b)(3), the "additional duties" clause of the Magistrates Act. In *United States v. Jones*, 581 F.2d 816 (10th Cir.1978), the district court referred an IRS petition for enforcement of a third-party summons to a magistrate judge under § 636(b)(3) to conduct further proceedings that were authorized by the local rules. *See Jones*, 581 F.2d at 817. One local rule specifically authorized magistrate judges to enforce IRS summonses, citing § 7604(b) of the Internal Revenue Code, which refers to the authority of a magistrate judge to enter certain orders in enforcement proceedings. *See id.; see also infra* n. 2. The magistrate judge ordered the third party to comply with the summons. *See Jones*, 581 F.2d at 817. The district court did not take any action nor did the taxpayer seek review in the district court, although the local rules provided for such review. *See id.* at 818. Rather, the taxpayer appealed directly to the court of appeals. *See id.* at 817.

The Tenth Circuit Court of Appeals dismissed the appeal because the district court did not review the magistrate judge's order and did not enter a final judgment. *See id.* at 818. The appellate court explained that "[t]he Supreme Court has made it clear that a magistrate judge exercising 'additional duties' jurisdiction is continually subject to the inherent supervisory power of the district judge and that the judge retains the '. . . ultimate responsibility for decision making in every instance. . . .'" *See id.* at 817–18 (citing *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)). "Even under the most expansive reading, the judge's order and the local rules cited therein will not support a claim that the district court's Article III decisional power had been delegated to the magistrate." *Id.* at 818; *see also United States v. Cline*, 566 F.2d 1220 (5th Cir.1978) (court lacks jurisdiction to hear appeal from decision of

magistrate judge enforcing IRS summons); *Aluminum Co.*, 663 F.2d at 502 n. 8 (where dispositive matter such as petition to quash administrative search warrant is referred under § 636(b)(3), *de novo* review required).[2]

■ Regardless of the specific subsection under which matters are referred, a magistrate judge's jurisdiction to render a final decision ultimately depends on whether the proceedings are characterized as nondispositive pretrial matters or dispositive matters. The Ninth Circuit addressed whether an order denying a petition to quash is a final appealable decision in *D.I. Operating Co. v. United States*, 321 F.2d 586 (9th Cir.1963). Prior to reaching the merits of the taxpayer's appeal of his unsuccessful motion to quash, the appellate court analyzed its own jurisdiction:

> A distinction is everywhere recognized between orders denying motions to quash subpoenas issued in aid of administrative proceedings, and orders of similar import with respect to subpoenas issued out of court proceedings unrelated to any administrative proceedings.... 'There is no doubt that this appeal lies. The order is not like one made to a witness before an examiner or on the stand in the course of a proceeding inter alias in court ... *It is the end of a proceeding begun against the witness.*'

*Id.* at 587 (emphasis added) (citations omitted).

In *Maisonville v. F2 America, Inc.*, 902 F.2d 746 (9th Cir.1990), the Ninth Circuit found it necessary to consider not only whether a matter was outside of the eight motions specifically excluded by § 636(b)(1)(A) from a magistrate judge's jurisdiction to enter final orders, but also whether the matter was *analogous* to any of the eight excluded motions. There, the district court referred a case to a magistrate judge for all pretrial proceedings pursuant to a local rule and to § 636(b)(1)(A), which authorizes magistrate judges to hear and determine "any pretrial matter" except the eight enumerated motions. *See id.* at 747 n. 1. During the course of the pretrial proceedings, the magistrate judge ordered Rule 11 sanctions and the party appealed to the district court. *See id.* at 747. The district court regarded the sanctions as a pretrial matter and reviewed the ruling under the clearly erroneous standard provided in § 636(b)(1)(A). *See id.* The district court affirmed the magistrate judge's order and the sanctioned party appealed again. *See id.*

The Ninth Circuit affirmed the Rule 11 sanctions because they were not listed among the excepted motions that magistrate judges are precluded from deciding

---

2. Internal Revenue Code section 7604(b), which initially appears to confer jurisdiction on magistrate judges to decide quasi-contempt proceedings brought by the United States in IRS enforcement actions, does not apply here. *See* 26 U.S.C. § 7604(b). Section 7604(b) provides in part that the government "may apply to the judge of the district court or to a United States commissioner for the district within which the person summoned resides or is found for an attachment against him as for a contempt." *See* 26 U.S.C. § 7604(b). *Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964) explained that this section provides the government with an *additional remedy* in the comprehensive procedure for a taxpayer's "default or contumacious refusal to honor a summons before a hearing officer." *Id.* at 448–49, 84 S.Ct. 508.

Here, the government has not invoked § 7604(b) and is not seeking any enforcement against the taxpayers in this action. Rather, the taxpayers have moved to quash summonses directed to them and their third-party recordkeepers in advance of any enforcement action.

Even if the government had brought enforcement proceedings and invoked § 7604(b), it is doubtful that this Court could have rendered a final decision thereon. *See e.g., D.I. Operating Co. v. United States*, 321 F.2d 586 (9th Cir.1963). For a further discussion of § 7604(b), see this Court's Report and Recommendation in *United States v. Bell*, C–99–23–CW, (N.D.Cal. April 19, 1999) (Docket # 10).

absent consent *and* did not "have an effect similar to those motions considered dispositive." *See id.* at 748. The court explained that "section 636(b)(1)(A) lists those motions which may not be determined by a magistrate. Accordingly, any motion not listed, *nor analogous to* a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine." *Id.* at 747–48 (emphasis added); *see also Fortney v. United States,* 59 F.3d 117 (9th Cir.1995) (taxpayer's objection to magistrate judge's jurisdiction was not considered because the magistrate judge, who initially believed she had the power to determine the taxpayer's motion to quash, ultimately issued a report and recommendation, which the district court reviewed *de novo* ). Conversely, a magistrate judge may not determine motions that are analogous to the enumerated motions, *i.e.,* dispositive motions.

Accordingly, the issue is whether petitions to quash and their counterparts, agency enforcement proceedings, are dispositive matters analogous to the eight excluded motions or nondispositive matters analogous to discovery. The Third Circuit has ruled on the nature of enforcement proceedings and a magistrate judge's authority to enter final orders. In *National Labor Relations Bd. v. Frazier,* 966 F.2d 812 (3d Cir.1992), the NLRB sought to enforce a subpoena ad testificandum to compel Frazier to testify in an unfair labor practice proceeding before an administrative law judge. *See id.* at 813. The district court referred the matter to a magistrate judge as if it were as discovery motion, without specifying which provision it relied upon or whether the matter was nondispositive under § 636(b)(1)(A), dispositive under § 636(b)(1)(B), or an additional duty under § 636(b)(3). *See id.* at 816–17. The magistrate judge denied the NLRB's application for enforcement. *See id.* at 815.

The NLRB objected as if the magistrate judge's denial was a report and recommen-

dation. *See id.* The district court determined that the enforcement application was nondispositive because it did not fall within any of the dispositive motions specifically excepted from § 636(b)(1)(A) and reviewed it under the clearly erroneous standard. *See id.*

On appeal, the Third Circuit Court of Appeals rejected the district court's "literal reading" of § 636. *See id.* at 817. In the context of determining the proper standard of review, the court found that the application for enforcement of the subpoena was a dispositive motion requiring a report and recommendation followed by *de novo* review. *See id.* at 817–18. The court reasoned that the application was more like a motion to dismiss than a nondispositive pretrial matter under § 636(b)(1)(A):

> [I]n a proceeding to enforce a subpoena, the case before the district court is over regardless of which way the court rules. Once the court grants or quashes the agency subpoena, it determines with finality the duties of the parties. The district court proceeding is admittedly collateral to the [agency's] pending administrative proceeding, but the question of whether or not to enforce the subpoena is the only matter before the court. The court's decision seals with finality the district court proceeding and is subject to appellate review.

*Id.* at 817–18; *see also Aluminum Co.,* 663 F.2d 499 (4th Cir.1981) (company's motion to quash administrative search warrant was not a pretrial matter under 636(b)(1)(A) because it set forth all the relief requested). Additionally, the court noted that its decision would be the same, and the review *de novo,* if the matter had been referred under the "additional duties" provision of § 636(b)(3). *See Frazier,* 966 F.2d at 818 n. 4.

The petitions to quash at issue here are analogous to a dispositive motion. Once the petitions are decided, the matter is over. Unlike a discovery motion, petitions to quash summonses are not ancillary to a larger proceeding. They are the entire

proceeding. Moreover, the government's cross-motion to dismiss for lack of subject matter jurisdiction falls within the category of specifically excepted dispositive motions under § 636(b)(1)(A). Therefore, this Court will issue a report and recommendation.

## II. *The IRS' Summons Power*

### A. *Summons Issued to Taxpayer*

The IRS has broad investigatory powers that are set forth in §§ 7601 through 7610 of the Internal Revenue Code. *See* 26 U.S.C. §§ 7601–7610. The principal provision is § 7602, which permits the IRS to issue a summons to compel production of books and records and/or to take the testimony of the taxpayer for any statutorily authorized purpose. *See* 26 U.S.C. § 7602. The five statutory purposes are: (1) to ascertain the correctness of any return; (2) to make a return where none has been made; (3) to determine the liability of any person for internal revenue tax; (4) to determine the liability of any transferee or fiduciary; and (5) to collect any internal revenue tax liability. *See* 26 U.S.C. § 7602(a). Here, the IRS is seeking to collect tax liabilities for the tax year 1995, which is a permissible purpose under the code. *See* Exhibit A and B to Petition to Quash (Docket # 1).

The summonses are not self-enforcing. Under the usual procedure, after the taxpayer refuses to comply, the IRS initiates an enforcement proceeding in the district court. The IRS has the burden of establishing the following: (1) the summons is issued in an investigation that is being conducted pursuant to a legitimate purpose; (2) the information summoned is relevant to the investigation; (3) the information sought is not already in the IRS' possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *See United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The IRS usually makes the requisite *prima facie*

showing by affidavit of the agent. *See Obermeyer v. United States*, No. MS–1–94–92, 1994 WL 549758, (S.D.Ohio Aug. 15, 1994). The burden then shifts to the taxpayer (or summoned party) to produce evidence showing a genuine defense issue, such as improper purpose, bad faith or failure to meet one of the four *Powell* criteria. The district court's inquiry under *Powell* is predominantly factual and therefore is reviewed under the "clearly erroneous" standard. *See Ponsford v. U.S.*, 771 F.2d 1305, 1307 (9th Cir.1985).

### B. *Summons Issued to Third Party Recordkeeper*

Section 7602 does not by its terms limit the IRS to issuing summonses only to the taxpayer under investigation. The summons can be directed to almost anyone. Under § 7609, if the person or entity summoned is a "third-party recordkeeper" and the summons requires the production of business records, the taxpayer is entitled to notice and the right to contest the summons. *See* 26 U.S.C. § 7609(a)(1). A "third-party recordkeeper" is an entity such as a bank, consumer reporting agency, credit card company, broker, attorney or accountant. *See* 26 U.S.C. § 7609(a)(3).

There are five statutory exceptions to the taxpayer's right to notice and to contest a third-party summons: (1) the person summoned is not a "recordkeeper;" (2) the summons is served on the taxpayer himself; (3) the summons is issued merely to determine whether certain records were kept; (4) the summons merely seeks the identity of a person who has a numbered account with a financial institution; or (5) the summons is issued for collection purposes. *See* 26 U.S.C. § 7609(a)(4).

If the taxpayer is entitled to notice, the IRS must give notice within three days of service of the summons on the third party and not later than twenty-three days before the return date fixed in the summons. *See* 26 U.S.C. § 7609(a)(1). The notice may be given by certified or registered mail and must be accompanied by a copy

of the summons and an explanation of the party's right to bring a petition to quash the summons. *See* 26 U.S.C. § 7609(a)(2). The petition to quash must be brought within twenty days after notice of the summons is given to the taxpayer. *See* 26 U.S.C. § 7609(b)(2). The courts have interpreted this twenty-day rule as a waiver of sovereign immunity and, therefore, as jurisdictional in nature. *See Ponsford,* 771 F.2d at 1309.

Applying the foregoing principles, the Court now turns to the petition to quash and the motion to dismiss for lack of subject matter jurisdiction.

### C. *Petition to Quash Summonses Issued Directly to Petitioners*

In this case, Petitioners filed a petition to quash the summonses that were directed to them, rather than not complying with the summonses and forcing the IRS to commence enforcement proceedings. However, the Internal Revenue Code does not provide a mechanism for a petition to quash a summons issued directly to a taxpayer. The petition to quash procedure is reserved for challenges to third-party summonses. Rather, the taxpayer may challenge a summons to himself or herself before an IRS hearing officer. *See United States v. Ritchie,* 15 F.3d 592, 597 (6th Cir.1994); *see also Lopes v. Resolution Trust Corp.,* 155 F.R.D. 14, 15 (D.R.I.1994). The notice and right to contest provisions of § 7609(a)(1) do not apply to any summons "served on the person with respect to whose liability the summons is issued." *See* 26 U.S.C. § 7609(a)(4)(A). Because Petitioners have no right to notice or to contest their own summonses through a petition to quash, the government has not waived its sovereign immunity and this Court lacks subject matter jurisdiction over these proceedings.

### D. *Petitions to Quash Summonses Issued to Third Party Recordkeepers*

Because this Court lacks subject matter jurisdiction over the initial petition to quash, it also lacks jurisdiction over the three petitions to quash third-party summonses that Petitioners have attempted to append to these proceedings. Moreover, even if this Court had jurisdiction over the petitions to quash, the Court also lacks subject matter jurisdiction over these summonses for completely independent reasons.

First, the IRS served the third-party summonses on the recordkeepers and on Petitioners on November 24, 1998. *See* Respondent's Supp. Statement. Petitioners did not file the petitions to quash until December 17, 1998, more than twenty days after being served. A petition to quash a third-party summons must be brought within twenty days after notice of the summons is given to the taxpayer. *See* 26 U.S.C. § 7609(b)(2)(A). As a result of Petitioners' failure to timely file their petitions, the Court lacks jurisdiction over these petitions because the government has not waived its sovereign immunity. *See Ponsford,* 771 F.2d 1305 (9th Cir.1985) (jurisdiction over the United States granted by 20 day filing requirement is condition precedent to the government's waiver of sovereign immunity); *see also Turner v. United States,* 881 F.Supp. 449 (D.Hawai'i 1995) (same).

Despite *Ponsford,* at least one district court in the Ninth Circuit has held that equitable tolling principles may apply so that notwithstanding the petitioner's failure to timely file a petition to quash, the petition is not jurisdictionally defective and may be considered by the court on good cause shown. *See Mack v. IRS,* No. Civ.8-95-0929 DFLGGH, 1995 WL 556628, (E.D.Cal. Sept. 20, 1995). This Court need not decide whether equitable tolling could apply in some circumstances. Petitioners here have failed to show any good cause in their papers justifying the application of equitable tolling, nor did they appear at the hearing and offer any explanation to the Court.[3]

 Second, § 7609(b)(2)(B) requires Petitioners to serve the government and the third-party recordkeeper with a petition to quash by registered or certified mail. Failure to properly serve either the third party or the government within the 20 day period is also a jurisdictional defect. *See Nosewicz v. United States,* No. Civ. 94–398 PHXEHC, 1995 WL 155510, (D.Ariz. Jan. 5, 1995). Here, Petitioners' Affidavit of Service signed on December 14, 1998 only reflects service on American Express and the IRS, not on Citibank or U.S. Bank. There is no record of the government being served with the petitions to quash against Citibank and U.S. Bank. Moreover, it is not clear whether Petitioners served any of these entities by certified or registered mail because all of the boxes on the proof of service form are checked (except personal service). *See* Affidavit of Service (attached to composite Docket # 10).

Third, the Court may also lack jurisdiction because there may not even be a case and controversy. In *Stewart v. United States,* No. MS–1–93–155, 1994 WL 542100, (S.D.Ohio, June 16, 1994), a taxpayer filed petitions to quash seven IRS summonses issued to various banks. The IRS, however, specifically represented to the court that it was not seeking to enforce the third-party summonses at that time. "There [was] therefore, no dispute currently before the Court." *Id.* at *2. The magistrate judge recommended dismissing the case without prejudice to refile if the IRS attempted to enforce the summonses in the future. In this case, although the IRS has made no such specific representations to the Court, the IRS has not yet commenced any enforcement proceedings.

**3.** Petitioners would like the Court to believe that they signed the petitions to quash on December 14, 1998. However, the first document appended to composite pleading Docket # 10 is a Notice to American Express signed on December 15, 1998. The proof of service states that the Notice to American Express and the corresponding petition to quash were

# CONCLUSION

For all of the foregoing reasons, it is hereby recommended that the District Court GRANT Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction and DISMISS WITH PREJUDICE this entire matter.

Any party may serve and file specific written objections to this Report and Recommendation within ten (10) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b); Civil Local Rule 72–3.

May 13, 1999.

served on December 14, 1998. Petitioners have failed to explain to this Court how they could properly serve a document one day before they signed it. Accordingly, the Court doubts that Petitioners could have met the good cause standard for equitable tolling even if they had tried.